No. 259.

## WATSON v. DEEDS.

CONTRACT.—*Conditions Precedent or Subsequent.*—*How Determined.*—Whether a qualification, restriction or stipulation, is a condition precedent or subsequent depends upon the intention of the parties as gathered from the whole instrument.

PLEADING.—*Condition Precedent.*—*Pleading by Statute or Common Law Allowed.*—*Specifications.*—An allegation of performance of all the conditions generally is sufficient under the statute; but if the pleader choose, as he may, to pursue the common law mode of pleading the facts constituting performance, he must be sufficiently accurate and specific in his averments to comply with the requirements of the common law.

SAME.—*Condition Precedent.*—See opinion for what was a sufficient compliance with a condition precedent to render the defendant liable on a contract.

PATENT.—*Inchoate Right in may be Sold.*—An inchoate right in an invention, or an interest in it, before letters patent are issued, is the subject of sale, and furnishes a sufficient consideration for a note or other contract.

From the Vigo Circuit Court.

*S. C. Stimson, R. B. Stimson* and *A. M. Higgins,* for appellant.

*B. E. Rhoads, E. F. Williamson* and *D. N. Taylor,* for appellee.

REINHARD, J.—Action by appellee against appellant on the following contract:

"This indenture witnesseth: That John B. Deeds, of Terre Haute, Vigo county, Indiana, for and in consideration of the sum of five hundred dollars ($500), to be paid to him by John C. Watson, as hereinafter set out, has sold, transferred, assigned and delivered to said John C. Watson an undivided one-half interest in, to and for the letters patent on Deeds' Process of Burning Oils, for which said letters patent said Deeds is about to make application. The said five hundred dollars are to be paid as follows by said John C. Watson to said John B. Deeds: Fifty dollars upon the

execution by said Deeds of the assignment of an undivided one-half ($\frac{1}{2}$) of an interest in and to said letters patent to said John C. Watson.    Ninety dollars to be paid upon the execution of two applications for letters patent, said sum to accompany the said application as fees in securing said letters.    Forty-five dollars to be paid upon a third application for letters patent on same . process, if found to be necessary by said Deeds.    The remainder of said five hundred dollars to be paid by said Watson to said Deeds upon a satisfactory test of one furnace and the order of more furnaces which shall prove satisfactory by test.

"J. C. WATSON."

The complaint was in one paragraph.  At the proper time the appellant moved to have the complaint made more specific in the following particulars :

"1.  To show when, if ever, letters patent were issued on the alleged invention.

"2.  To show what tests of the invention were made, when, where and how they were made."

The motion was overruled.

The appellant then demurred to the complaint, assigning as a ground of demurrer the want of sufficient facts to constitute a cause of action.    The demurrer was also overruled. Proper exceptions were reserved in each instance, and these rulings of the court are also assigned as errors.

The particular objections pointed out to the complaint by the appellant on the demurrer are the same as those specified in the motion to make more specific.

It will be proper, therefore, and conducive to brevity and directness, to dispose of both these questions together.

The appellant insists that the contract under consideration contained two conditions precedent to the payment of the remainder of the $500 after the payment of the items provided for in the first portion of the instrument.  These conditions, it is claimed, are :

1.  The issuing of letters patent ; and,

2. The making of a satisfactory test of one furnace to Watson, and the sale of other furnaces to third parties, in which the oil was to be tested to the satisfaction of the purchaser.

Whether a qualification, restriction or stipulation, is a condition precedent (or subsequent) depends upon the intention of the parties as gathered from the whole instrument. *Lowber* v. *Bangs*, 2 Wall. 728; *Towle* v. *Remsen*, 70 N. Y. 303; 2 Bl. Com. 156, 157; 4 Kent, 125.

Our code provides that "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part. If the allegation be denied, the facts showing a performance must be proved on the trial." Section 370, R. S. 1881.

Under this section the pleader may allege the performance of all the conditions generally, as therein provided; but there is nothing to keep him from pursuing the common law mode of pleading the facts constituting performance. If he adopts the latter course, he must be sufficiently accurate and specific in his averments to comply with the requirements of the common law. 1 Works Pr., section 394, and notes; *Board, etc.*, v. *Hill*, 115 Ind. 316.

The complaint, in the cause before us, contains the general averment that the plaintiff "has fulfilled each and every part of his agreement." It says nothing as to whether the appellee ever had any letters patent issued to him. If the issuing of such letters is a condition precedent therefor, then the allegation of performance is sufficiently covered by the general statement just quoted.

As to the tests provided for in the contract, the appellee in his complaint attempts to specify those made, and it devolves upon us to determine whether they are sufficient to meet the requirements of the contract.

The complaint informs us of two tests being made,—one in the month of July, 1888, in the rear of appellant's business

house in Terre Haute, by generating heat sufficient to melt wrought-iron and cast-iron, "by burning crude oil in the machine constructed according to the plaintiff's plan, and that the defendant was present and expressed himself satisfied, and the test was reasonably satisfactory." The use of the word "machine" for "furnace," is not claimed to invalidate the averment. We regard the allegations as sufficient to show a test which was reasonably satisfactory to the appellant, and consequently in substantial compliance with the requirements of the contract, so far as it relates to the testing of "one furnace." The other test set out in the complaint has reference to the burning of the fluid in a cooking-stove, which is not called for in the contract, and no point is made upon it.

But the appellant insists that still another experiment was to be made, by the terms of the contract, which has not been attempted to be pleaded in the complaint, and that was to be made in "other furnaces" that were afterwards ordered and sold.

It is contended by the appellant that what he purchased of the appellee was not so much an interest in the letters patent as an interest in the process for heat-producing oils suitable for manufacturing purposes, and that the heating quality of the oil was therefore to be tested in these "furnaces" which were to be used in manufacturing.

It seems that the word "furnace" is used in the complaint interchangeably with "burner" and "machine," and that it was used to designate an article in which heat is produced by the combustion of the oil in question.

The language of the latter clause in the contract is ambiguous. It specifies that the remaining portion of the $500 shall be paid upon certain contingencies, viz.: "Upon a satisfactory test of one furnace, and the order of more furnaces which shall prove satisfactory by test." The appellant claims that this last clause means that another test is to be made of the "process" in two or more furnaces after

they had been ordered or sold, "which test should be the satisfactory use of the furnaces by the purchasers."

It does not appear from the contract that either of the parties had anything to do with the sale of the furnaces. The thing to be tested, according to the appellant's contention itself, was the "process," and not the furnace. In other words, it was the heat producing qualities of the oil that were to be tried; and these, it is averred, had already been tested in one furnace to the satisfaction of the appellant. It seems to us that when a sufficient number of tests had been made to prove satisfactory to the appellant, it was all he could ask. If the appellant was not satisfied with the experiments made in one furnace, he had a right to demand that they should be repeated in other furnaces until he became convinced that the article in which he had purchased an interest fulfilled the requirements of the contract. Whenever he declared the tests sufficient to meet these requirements it would be useless to make others. Had he required the further test of having purchasers to use the oils in the furnaces until they became reasonably satisfied, and the appellee had refused to comply with such requirements, the appellant might have some grounds for complaint. But if the averments of the complaint are true in this regard, he has none.

We think, therefore, that the complaint was sufficient to withstand both the motion to make more specific and the demurrer.

The appellee demurred to the fourth paragraph of the answer. The demurrer was sustained. This ruling is also assigned as error.

The averments of this paragraph are that appellee has not obtained any letters patent for the invention described in the complaint, and is, therefore, not entitled to recover the residue of the $500.

This ruling presents the question whether the contract contains a condition which requires the appellee to procure

letters patent upon his "process" before he can collect the unpaid balance of the $500.

We have made a careful examination of the contract, and are not able to discover any condition such as the appellant insists the contract contains. If it is not there, this court can not insert it by construction. We must take the contract as we find it. We can not make a new one for the parties, nor insert conditions which are not, by fair implication, any part of the existing contract.

The appellant agreed to pay the appellee certain amounts of money upon the happening of certain contingencies. The procuring of letters patent was not one of these. The last amount was to be paid when a satisfactory test of the process had been made, and this, it is averred, as we have seen, has been done.

If it be contended that the interest in the article assigned or sold to the appellant could be of relatively small value to the appellant without letters patent, we answer that the right of the appellee to the letters patent was an inchoate one, which was itself the subject of sale or barter. It is but reasonable to presume that a purchaser of an interest in such right should share the risks incident to the application for letters patent, as well as the expenses of prosecuting the claim in the patent office, and the further expense of placing the article in the market afterwards. Such contingencies are usually provided for in measuring the consideration, and, in the absence of any showing to the contrary, it will be presumed that this was done here. We see no reason why the sale of an inchoate right in an invention, or an interest in the same, does not furnish a valid consideration for a note, or promise to pay, if done in good faith, whether letters patent are ever granted upon such invention or not. At all events, there is nothing pleaded to defeat such consideration in the case before us.

The demurrer to this paragraph of the answer was properly sustained.

After the cause was put at issue it was tried by a jury, and a verdict was returned in favor of the appellee. This was on the last day of the term. The record shows that upon the return of the verdict the appellant moved orally for a new trial, and that the court took the motion under advisement, and immediately adjourned until court in course. On the first day of the succeeding term the appellant, without having first prepared and filed a formal written motion for a new trial, filed his written reasons for such new trial, predicated upon the oral motion made on the last day of the previous term. The court refused to entertain the motion, for the reason that it was not properly presented, but the record also shows that it overruled the motion, and that to the ruling of the court the appellant reserved proper exceptions.

Passing over the question as to whether the court should have considered the motion thus presented, let us enquire whether the reasons assigned for a new trial, or any of them, were sufficient to that end. The overruling of the motion is assigned as error.

One of the reasons assigned for a new trial was the insufficiency of the evidence to sustain the verdict.

The particular portion of the evidence in which it is claimed that it fails to meet the requirements of the law, is concerning the test of the " Deeds' Process," which the contract requires to be made.

We have examined the evidence, and find that it tends to prove that tests were made which were satisfactory to the appellant, and, this being true, according to the well-established rule that this court will not weigh the evidence, we must hold that this cause in the motion for a new trial has not been made out.

A further reason assigned for a new trial is error of law in permitting the appellee to prove that the Deeds' burner, described in the complaint, had been used in stoves, and in other places than in furnaces.

Vol. 3.—6

Watson v. Deeds.

The appellant contents himself with a bare statement of the question in his brief. He does not undertake to argue it. It is therefore waived.

Another reason assigned for a new trial is that the court erred in permitting the appellee to introduce in evidence the deed of assignment from Deeds to Watson.

The evidence tends to show that the original deed which the appellant had received from the appellee had been sent to the Patent Office at Washington to be recorded, but owing to some technical defect was rejected there, and a new one was prepared and executed in its stead, which was the instrument introduced. There was no error in allowing this deed to go to the jury. It tended to prove that the appellant had complied with his part of the contract by making the assignment which he had agreed to make. The fact that an attempt had been made previously to make the assignment by an invalid transfer did not make it incompetent to show that a valid assignment was afterwards made.

These were all the reasons contained in the written statement of causes for a new trial. It follows that no error was committed in overruling the motion for a new trial. And so, if the appellant's motion was proper, and if it was the duty of the court to consider it, which we do not decide, the result must have been the same. There was, therefore, no error, in any event, which could have been harmful to the appellant.

Judgment affirmed.

Filed Nov. 12, 1891.