## HALSTEAD v. JESSUP.

[No. 18,466. Filed March 18, 1898.]

CONTRACT.—*Sale.*—*Forfeiture.*—Where by a contract of sale the purchaser of certain timber is given four years to remove it, such purchaser does not forfeit his right to remove the timber after the expiration of four years, in the absence of a forfeiture clause in the contract.

From the Greene Circuit Court. *Reversed.*

*Davis & Moffett*, for appellant.
*Emerson Short*, for appellee.

HACKNEY, J.—The questions in this case depend upon the construction of a contract in which it was recited that "Delos Root owns six hundred (600) acres of land in Greene county, in the State of Indiana, at or near what is known as Johnstown on Eel River." It was further stipulated that Root thereby sold to appellant and another the oak timber on said land for a stipulated price, payable in installments, and it was finally provided that said parties were "to have four years to take off said oak timber" and were to take it clean. After the lapse of four years, the appellant owning the contract, and the appellee, owning the lands, appellant sought to remove a portion of the timber included in the contract, and was denied the right to do so by the appellee. The complaint alleged the payment of the agreed price for said timber, and that the appellee purchased said land with the full knowledge of appellant's ownership of the timber. It was alleged also that portions of the timber had been cut, and was, at the time appellee denied appellant the right to take the same, upon said lands, and that other portions remained standing in the trees.

The suit was for the recovery of the value of the timber so cut and that so standing. The trial court, by its rulings in striking out allegations of the complaint, and in excluding evidence of the value of the standing timber, accepted the theory that the contract, as to the standing timber, had expired by the limitation of the time mentioned therein, and that the appellant had forfeited the timber.

Counsel devote much of their discussion to the rules concerning stipulations of time in contracts, and when such stipulations are of the essence of the contract, and when they are not. If the time stipulation in

the contract before us were stated as a condition precedent to the ownership of the timber, it would be at least plausible to say that title did not pass without compliance.   It is not so stated, however, and cannot be tortured into a condition relating to title, either precedent or subsequent.   It merely affirmed the privilege of taking the timber within four years, and contained no forfeiture clause with reference to the timber, the money paid, or the right to go upon the land.   That the sale of the timber was complete is not made a question.   That the timber was not purchased as a part of the appellee's purchase, he then having knowledge of appellant's ownership thereof, is not doubted, and the only question between the appellant and appellee, upon the terms of the contract, was as to the appellant's right, after the expiration of the four years, to go upon the land and take possession of the timber.   By the denial of this right, and the retention of the timber, the appellant was certainly damaged to the extent of the value of the timber.

The law does not favor forfeitures, and will not enforce them in the absence of clearly stated conditions of forfeiture.   Here, as we have said, there is no stated condition of forfeiture.   If by delay in taking the timber, after the period named, damage should accrue to the owner of the land, it could not be questioned that such damage could be recovered.   But it would be manifestly unjust that mere delay should forfeit both the appellant's money and his timber, and that the appellee should become the owner of the timber upon the strength of an implied forfeiture.

Many, if not all, executory contracts, containing provisions as to time for performance, are construed with reference to the intention of the parties, and to ascertain if it was meant to make such provisions

conditions upon which the right to enforce the contracts depended. *Jones* v. *Robbins*, 29 Me. 351, 50 Am. Dec. 593, and note; Beach Modern Law of Contracts, pp. 743, 747, 749; Chitty on Contracts (11th ed.), p. 433, note. We have no doubt that contracts of the character of the one before us should be more rigidly construed to find the intention to create a forfeiture. The trial court's theory was wrong. The judgment is reversed with instructions to overrule appellee's motion to strike out parts of the complaint.