## CLAYPOOL v. GERMAN FIRE INSURANCE COMPANY.

[No. 4,483.   Filed March 9, 1904.]

MORTGAGES.—*Priority.*— *Waiver.*—*Conditions.*—A vendor, holding a purchase-money mortgage, in order to enable vendee to secure a loan to build a house, executed an instrument reciting such facts, and stating therein, "I hereby waive the lien of my said mortgage and make it second and junior to the lien of a mortgage" executed by vendee to secure the loan to build the house. The instrument contained further provisions that a house should be erected at a certain cost, within a certain time, free from liens. Mechanics' liens were filed against the house, taxes became delinquent, and the mortgagor failed to pay the first coupon interest note, and suit was brought to foreclose the mortgage. The vendor filed a cross-complaint seeking the enforcement of his mortgage as a prior lien on the ground that priority had been waived by him on conditions, and that such conditions had been broken. *Held*, that there was no failure of consideration upon which the waiver was executed and that the contract of waiver was not dependent upon the provision as to liens. *pp. 540–546.*

SAME.—*Waiver of Priority.*—Where a mortgagee executed a waiver of priority in favor of a mortgage executed for a loan with which to construct a house on the mortgaged property the holder of the second mortgage is entitled to priority only to the extent its money was so applied, and is not entitled to an amount retained, without the knowledge of the former, for commission on loan, insurance on building, and expense incident to the loan. *p. 546.*

From Superior Court of Marion County (56,821); *J. L. McMaster*, Judge.

Suit by the German Fire Insurance Company of Indiana against John P. Leyendecker and Edward F. Claypool. From a judgment in favor of plaintiff, defendant Claypool appeals. *Reversed.*

*J. W. Claypool, D. W. Howe* and *R. T. Byers*, for appellant.

*J. E. Florea, Adolph Seidensticker, George Seidensticker, J. R. Wilson* and *M. M. Townley*, for appellee.

ROBY, J.—Action by appellee to foreclose a mortgage on a lot in Indianapolis, executed to it by John P. Leyen-

decker.   Appellant Claypool was made a defendant, and filed a cross-complaint to foreclose a mortgage upon the same lot, executed to him by said Leyendecker.   He set up that his mortgage was given to secure unpaid purchase money, and that its lien was prior to the lien of appellee's mortgage, but that such priority had been waived by him, but only upon condition; that the conditions of such waiver had been broken, and it had thereby become null and void, wherefore he prayed foreclosure, and a decree of priority in his favor.   A special finding of fact was requested and made, and conclusions of law stated thereon.   The controversy relates solely to priority between the two mortgages.

The facts found, so far as necessary to a determination of the issue stated, are as follows:   Prior to July 12, 1897, appellant Claypool was the owner of lot 200 in Morton Place in Indianapolis, it being the lot described by said mortgages.   On that day he conveyed it to Leyendecker, by warranty deed, in consideration of $1,600, $450 of which was paid in cash, and promissory notes secured by the mortgage referred to in the complaint were given for the residue.   This mortgage was recorded within forty-five days after its execution, and said notes were, when the suit was begun, all due and unpaid.   There was an understanding at the time of the transaction, between the parties thereto, that if the mortgagor should desire to build on the lot, the mortgagee would waive the priority of his mortgage in favor of a second mortgage executed by Leyendecker to one who would lend him money with which to build.   Pursuant to this agreement, Claypool did on October 27, 1897, execute a written waiver to appellee, which instrument was of the following tenor:   "This indenture witnesseth, that whereas I hold a mortgage for $1,150, secured on lot No. 200, in Morton Place, an addition to the city of Indianapolis, Indiana, dated August 16, 1897, recorded in Record Book 333, on page 272, of the records of Marion county, and executed by John P. Leyendecker, and whereas said

John P. Leyendecker desires to build a dwelling on said lot, I hereby waive the lien of my said mortgage and make it second and junior to the lien of a mortgage executed by said John P. Leyendecker to German Fire Insurance Company of Indiana, dated October 27, 1897, for $3,000, maturing in five years from date, and bearing interst at the rate of six per cent. per annum. The above waiver named in the agreement is made with the express understanding and as a consideration for my so doing, that said parties shall build a dwelling-house upon said lot on or before four months from date hereof, to cost and be worth not less than $4,000, and to be free from any and all liens, and that they shall keep said building, when completed, insured in some good, reliable fire insurance company for not less than $3,000, during the term of said loan of $3,000, for the benefit of said German Fire Insurance Company of Indiana, and in case of loss or damage by fire to said building the amount derived from said insurance company shall be paid on said loan or in repairing said building. And they will pay the interest on said loan when the same shall become due, also pay all taxes and assessments on or against said lot when they shall become due, and in case of default to make any such payments in thirty days after the same shall become due the said German Fire Insurance Company of Indiana shall proceed to foreclose said mortgage and notify me accordingly, or sell the same to me at its face value and accrued interest, as I may elect. Dated this 27th day of October, 1897. [Signed] Edward F. Claypool." This instrument was duly acknowledged, and was duly recorded two days after its execution.

Leyendecker had previously made an agreement with appellee by which it was to loan him $3,000, to be secured by a mortgage on said lot; the loan not to be made until Claypool should execute a waiver of his prior mortgage. After the execution of such waiver, as aforesaid, appellee did loan him $3,000. A house was in process of construc-

tion on the lot at the time. Its actual cost was $4,374.81. It is worth not less than $4,000. Mechanics' liens for $626.74 were filed against it. Taxes became delinquent to the amount of $315.07. After the commencement of this action, appellee paid $339.08 of said liens, taking assignments - thereof, such payment being authorized by its mortgage. From the date of its loan to the completion of the house appellee advanced $2,811.07 which was all expended in the erection of said house, $188.93 being retained for the following purposes: Commission on loan, $150. Insurance on building, $24. Expense incident to loan, $14.93. The commission on loan retained by appellee was distributed among the members of its finance committee. The $24 was paid as a premium for a policy of insurance. The $14.93 was paid for an abstract, an examination of it, etc. These sums were deducted with the consent of Leyendecker, but without notice to Claypool.

On April 27, 1898, the coupon interest note payable to appellee became due, and was not paid, and by reason of such default the entire debt to it became due. It served notice upon Claypool, and was notified by him to foreclose its mortgage; he, however, denying its priority. There is due appellee the principal sum, interest, and attorneys' fees, $5,078.15, including delinquent taxes and assessments paid, and the amounts due for labor and material, and secured by lien, as aforesaid. Exclusive of the two latter amounts there is due to it $4,367. The amount due on the mortgage to Claypool is $1,628.76.

The conclusions of law subordinated Claypool's mortgage to the lien of appellee's mortgage, and the amounts paid by it for the protection of its security. The correctness of the conclusions depends upon the terms and construction of the instrument above set out. Appellant's position is that the waiver was conditional upon the house being free from liens and the waiver therefore is inopera-

tive. The instrument contains an express and immediate waiver of the priority of the purchase-money mortgage, made in the present tense. The language is "I hereby waive the lien of my mortgage and make it second and junior," etc. This language is not consistent with an intention of making the waiver contingent. Its further terms are that the waiver is made with the express understanding and "as a consideration for my so doing, that said parties shall build a dwelling-house upon said lot on or before four months from date hereof, to cost and be worth not less than $4,000, and to be free from any and all liens, and that they shall keep said building, when completed, insured. * * * And they will pay the interest on said loan * * * also pay all taxes," etc. The consideration for a contract is a different thing from a condition upon which the contract is made to depend. A partial failure of consideration is entirely different in its consequences from the breach of a strict condition. The omission of any language to the effect that the waiver is made conditional or contingent tends to the conclusion that a condition was not meant.

"The word 'condition' is not necessary to the creation of a condition. Any words that convey the proper meaning will create a condition." *Stilwell* v. *Knapper,* 69 Ind. 558, 570, 35 Am. Rep. 240; 8 Am. & Eng. Ency. Law (2d ed.), 60; 2 Parsons, Contracts, 526.

The terms used must be construed in the light of established rules of construction. No language will be held to import a condition which does not expressly and clearly indicate that such was the intention of the parties. Forfeitures are odious, and conditions are not favored in law. *Phœnix Ins. Co.* v. *Lorenz,* 7 Ind. App. 266; *Halstead* v. *Jessup,* 150 Ind. 85; *Ellis* v. *Elkhart Car Works,* 97 Ind. 247, 252.

In doubtful cases the words of an instrument will be taken most strongly against the party using them. *Wilson* v. *Carrico,* 140 Ind. 533-536, 49 Am. St. 213; *Davenport*

v. *Gwilliams,* 133 Ind.. 142-145, 22 L. R. A. 244; *Hunt* v. *Francis,* 5 Ind. 302.   Where an instrument creates a right, interest, or estate in unequivocal language, such right, interest, or estate can not be cut down or destroyed by a subsequent provision in the same instrument, unless it is equally clear and explicit as that creating the same.   *Orth* v. *Orth,* 145 Ind. 184-194, 32 L. R. A. 298, 57 Am. St. 185; *Ross* v. *Ross,* 135 Ind. 367-371; *Mitchell* v. *Mitchell,* 143 Ind. 113.

Counsel for appellant argue that inasmuch as the instrument recites that the waiver is made in consideration of the performance of certain acts, that it is therefore ineffective unless such acts are performed.   This contention implies that the undertakings of the parties are dependent.

Where a contract consists of dependent promises, the failure to perform by one party excuses the failure to perform by the other; but where the promises are independent the failure of one party to perform does not excuse a failure to perform upon the part of the other, but confers upon him a right of action for damages.   *McAlister* v. *Howell,* 42 Ind. 15, 22, 23; *Keller* v. *Reynolds,* 12 Ind. App. 383; *Knight* v. *New England, etc., Co.,* 2 Cush. 271-286.

Where the mutual promises which constitute a contract are not to be performed simultaneously, but where the acts to be performed by one party must or may precede those to be performed by the other, the promises are independent, and not dependent.   *Mountjoy* v. *Mullikin,* 16 Ind. 226; *Watson* v. *Deeds,* 3 Ind. App. 75; *Wile* v. *Rochester Improv. Co.,* 24 Ind. App. 422.

The intention of the mortgagor and appellant Claypool was to induce some one to loan the former money with which to build a house upon land owned by him, and in the improvement of which the latter was interested.   It can hardly be said that the insurance of the house, not yet built, or the payment of interest upon a loan not yet made,

were conditions precedent, not to an agreement to waive priority, but to an executed waiver thereof necessary to the negotiation of any loan. The waiver was executed in consideration of a number of distinct acts, part of which have been performed. It would be somewhat severe to hold it dependent for any validity upon the performance of each one of them. Appellee loaned its money, and the money so loaned went into the house, thereby increasing the value of appellant's security. It is entitled to priority only to the extent that its money was so applied. *Thorpe, etc., Assn.* v. *James,* 13 Ind. App. 522; *Wayne, etc., Loan Assn.* v. *Moats,* 149 Ind. 123.

An opinion was filed in this case on February 2, and the judgment on that day was affirmed. Whether or not the sum of $188.93 retained by appellee, as heretofore set out, was included in the finding of the amount due, was at that time left to inference by appellants and not referred to by appellee. In the argument on petition for rehearing, appellant showed by reference to the record that such sum was so included. Desiring that the result be as devoid of severity to either party as the circumstances permit, a rehearing was granted, and the point is treated as presented in the original brief. The appellant's right to priority exists only to the extent that its money was used in the construction of the house. The sum of $188.93, as aforesaid, was not so used. Such sum, therefore, ought not to have been included.

Judgment reversed, and cause remanded, with instructions to state the twenty-first conclusion of law in accordance herewith, and for further proceedings.