# WELTY v. TAYLOR.

[No. 9,234. Filed February 23, 1917.]

1. LANDLORD AND TENANT.—*Contract.—Action for Breach.—Pleading.—Sufficiency of Complaint.*—In an action to recover money alleged to be due on a parol contract, a complaint containing allegations showing that plaintiff, who was under contract with defendant to manage and cultivate his farm, orally agreed with defendant to remain on the land after it was found to be unproductive and apply fertilizers, etc., to be furnished by defendant, and was to receive as compensation for his services, if the plan of fertilization proved successful, such an amount in excess of a stipulated figure as the land would bring in the market, such complaint is held to sufficiently state the issuable facts constituting the cause of action and to show a breach of the alleged contract and it is not objectionable as being a statement of evidence. p. 679.

2. CONTRACTS.—*Construction.—Commission for Sale of Land.*— Where a complaint predicates the right of recovery on an alleged parol contract providing that plaintiff should receive as compensation for his services in fertilizing an unproductive farm any excess of the market value of the land over a stipulated figure, such complaint did not seek to recover a commission for procuring a purchaser for the real estate, and the cause of action did not therefore come within the prohibition of §7463 Burns

1914, Acts 1913 p. 638, providing that contracts for commissions for the sale of land must be in writing.  p. 679.

3.  CONTRACTS.—*Parol Contract.*—*Construction.*—Where the question of the construction of a parol contract arises on the complaint, the intention of the parties at the time they entered into the alleged contract must be determined from a consideration of all the averments which set forth the agreement.  p. 680.

4.  LANDLORD AND TENANT.—*Parol Contract.*—*Construction.*—*Complaint.*—Where, in an action to recover money due on a parol contract, the averments of the complaint show· that a lessee's compensation for services rendered in pursuance to a contract to make farm lands· productive by the application of fertilizers, etc., depend upon the land becoming more productive and of greater value than a stipulated sum, a subsequent statement in the complaint that the lessee should receive as compensation the amount over such stipulated sum that the land would bring in the market did not require the lessee, as a condition precedent to his right of recovery, to obtain a purchaser, but was a statement that the lessee's recovery was limited to the actual market value of the land in excess of the amount stipulated in the agreement, and ·the lessee, upon proof that he had performed the labor contemplated by the contract, that the farm had been made productive and had a market value in excess of the stipulated sum, established his right of action.  p. 680, 681.

5.  CONTRACT.—*Construction.*—*"Fair Market Value of Land."*—The fair market value of land is the price it would probably bring after fair and reasonable negotiations where the owner is willing to sell but not compelled to do so, and the buyer desires to purchase but is under no necessity of obtaining the property.  p. 680.

6.  LANDLORD AND TENANT.—*Contracts.*—*Independent Oral Agreement between Lessor and Lessee.*—Where a leased farm was conceded by the lessor to be unproductive after the lessee had unsuccessfully attempted to cultivate the land, and the parties thereupon mutually entered into an independent parol agreement to carry out a plan of fertilization and improvement by means not previously contemplated, compensation being provided for the lessee for the extra labor to be performed, such agreement was not a modification of the original lease, but was independent thereof and rested upon an entirely new consideration.  p. 681.

7.  LANDLORD AND TENANT.—*Contracts.*—*Action for Breach.*—*Evidence.*—*Sufficiency.*—In action by the lessee of a farm, admitted by defendant lessors to be unproductive, to recover money alleged to be due on an oral agreement providing that if the lessee would remain on the land and apply fertilizers to be furnished by the lessors in consideration of the amount the market value of the

farm should exceed a stipulated sum, where there was evidence tending to show the original value of the farm and that it was less productive than the owners believed it to be, that the tenant was about to abandon the premises because of the poor yield of crops, whereupon the parol agreement to increase the fertility of the soil was entered into, the lessor being required thereby to furnish the necessary materials and the lessee to do the work, that both parties performed their respective parts of the agreement and, as a result, the land became productive and reached a market value in excess of the amount stipulated in the parol contract, such evidence is sufficient to support every material issuable fact essential to a recovery. p. 681.

8. CONTRACT.—*Action for Breach.—Burden of Proof.—*In an action based on a parol contract recovery must be under the terms of the contract, and the burden is on the plaintiff to prove every material part thereof substantially as alleged in the complaint. p. 682.

9. CONTRACTS.—*Action for Breach.—Refusal of Interrogatories.—* In an action for a breach of a parol contract, it was proper for the court to refuse to submit interrogatories requested by defendant, where they did not relate to issuable facts, and the answers thereto could not have aided the defendant, but would necessarily have been treated as surplusage relating to immaterial questions. p. 683.

10. DAMAGES.—*Contracts.—Action for Breach.—Excessive Damages.—*Where plaintiff, in an action for money due on a parol contract, contended that he was to receive, as compensation for certain services in the development of a farm, the market value of the land in excess of $70,000, a verdict for plaintiff for $3,500 is not excessive where the evidence sustains the jury's finding that the market value of the land was $73,500 and also the general verdict. p. 683.

From LaPorte Circuit Court; *James F. Gallaher,* Judge.

Action by Albert S. Taylor against Sam Welty. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frank E. Osborn, W. A. McVey, Lee L. Osborn* and *John Sterling,* for appellant.

*M. R. Sutherland* and *R. N. Smith,* for appellee.

FELT, C. J.—This is a suit to recover money alleged to be due on a parol contract entered into by appellant and appellee. The case was tried on the amended second paragraph of complaint and an answer of general denial. The jury

returned a verdict for $3,500 in appellee's favor and with it answers to certain interrogatories. Appellant's motion for judgment on the answers of the jury to the interrogatories and for a new trial were overruled and judgment was rendered on the general verdict, from which this appeal was taken.

Appellant has assigned as error: (1) That the court erred in overruling his demurrer to the second paragraph of amended complaint; (2) the overruling of his motion for judgment on the answers of the jury to the interrogatories; and (3) the motion for a new trial.

The amended second paragraph of complaint, in substance, charges that in November, 1907, appellee entered into a written contract with appellant and his wife whereby they became partners in the cultivation and management of a farm of 735 acres in LaPorte county, Indiana, owned by appellant and his wife; that by the terms of the contract appellee was to move upon and cultivate the farm and the owners were to furnish certain live stock and other things necessary to the operation of the farm, and appellee and said owners were each to receive one-half of the proceeds therefrom; that by the terms of said contract it was to run until March 1, 1913; that in compliance therewith appellee moved upon and operated said farm for the period of two years and thereby discovered that the soil was cold, sour and deficient in certain elements requisite to the production of crops; that the land was nonproductive and would not grow grains or other crops of any kind or description; that he was a farmer of experience and tilled and managed the farm in a husbandmanlike manner but the crops were entire failures; that on account of the nonproductiveness of the land he lost time and money in trying to raise crops thereon and at the expiration of the second year of his lease he informed appellant that it was impossible to raise crops on the farm because of the nonproductiveness of the soil and that it was impossible for him to continue longer under

their contract, and that, if he continued to work and farm the land, they would have to make some different arrangement; that thereupon appellant said he himself had been deceived in the quality of the land and was convinced that crops could not be raised on the land in its present condition and informed appellee that he desired him to continue on the farm, and if he would do so he, appellant, would furnish such materials as were necessary to cause the soil to produce crops, and would purchase lime, fertilizers and all things necessary to be placed on the land to make it productive, if appellee would superintend the work and perform or cause to be performed the labor of placing the same on the land; that if he would agree to the foregoing proposition as compensation for the extra labor required to carry out such plan, if they were successful and the farm was made productive and of the value of $70,000, appellee "should receive an amount over $70,000 that the land would bring in the market"; that the plaintiff then and there accepted the said proposition and thereafter the said plaintiff and defendant proceeded to carry out said contract. It is also averred that appellant furnished the necessary materials to improve the fences and buildings, and bought lime and manure from the stockyards of Chicago to be used on the farm; that appellee caused the same to be hauled to the farm and spread upon the land and continued to carry out said contract for two years, at the end of which time the farm was in "a good, productive condition and was worth in the market upwards of $70,000, to wit, the sum of $84,525.00. That plaintiff has performed all and singular every part of said contract entered into" by the parties aforesaid; that he demanded from appellant the sum of $14,525, the value of the farm above $70,000, and appellant refused to pay the same to him; that by reason of the aforesaid premises appellant is indebted to appellee in the sum of $14,525 with six per cent. interest from September 9, 1913, for which he demands judgment.

The demurrer was for insufficiency of the facts alleged to state a cause of action. The substance of the memorandum accompanying the same is as follows: (1) The pleading is a statement of evidence and not of issuable facts; (2) the allegations do not show a breach of the alleged contract; (3) the alleged contract is void under §7463 Burns 1914.

Under the rules that now control the construction of pleadings, the allegations are sufficient to state the issuable facts constituting the cause of action and to show a

1. breach of the alleged contract. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 601, 100 N. E. 675, 102 N. E. 99; *Waters* v. *Delagrange* (1915), 183 Ind. 497, 499, 109 N. E. 758; *Toledo, etc., R. Co.* v. *Levy* (1891), 127 Ind. 168, 26 N. E. 773; *Robinson* v *Horner* (1911), 176 Ind. 226, 233, 95 N. E. 561.

The complaint does not seek to recover a commission or reward for procuring a purchaser of real estate, and

2. the cause of action stated does not, therefore, come within the prohibition of §7463 Burns 1914, Acts 1913 p. 638, because the contract relied upon is not in writing.

The answers to the interrogatories show that in the winter of 1908 and 1909 appellant began to ship manure and lime to the farm and continued until he had shipped about fifty-two carloads of manure and twenty or more carloads of lime; that appellee hauled and spread upon the land of appellant all of the material so furnished; that after the same was applied to the land it became more productive; that said fertilizers were furnished and applied as aforesaid under an agreement between appellant and appellee that the same should be so furnished and applied; that in September, 1913, the said farm of 735 acres belonged to appellant and his wife and was of the market value of $73,500, and had not been sold.

Appellant contends that the averments of the complaint which show that appellee had performed all the conditions of the contract by him to be performed required of him

proof that the farm had been sold; that the finding by the jury that the farm had not been sold is in irreconcilable conflict with the general verdict, because under the complaint the sale of the land for more than $70,000 is a condition precedent to appellee's right of recovery.

The averments show that the parties agreed that, if their efforts to make the farm productive were successful, "and the farm was made productive and of the value of $70,000" appellee "should receive an amount over $70,000 that the land would bring in the market." In construing the contract and determining whether appellee, as a condition precedent to his right to recover, was required to furnish a purchaser who would pay more than $70,000 for the farm, we must ascertain the intention of the parties at the time they entered into the alleged contract, and where it rests in parol, and the question arises upon the complaint, then from a consideration of all the averments which set forth the alleged agreement of the parties. *Phillbrook* v. *Emswiler* (1884), 92 Ind. 590, 593.

3.

In this instance the averments clearly show the extra labor appellee agreed to perform and that his compensation depended upon the farm becoming productive and of the value of $70,000. The subsequent statement that appellee should receive as compensation the amount over $70,000 "that the land would bring in the market," did not compel appellee to furnish a purchaser nor require appellant to sell if he furnished a purchaser willing and able to pay for the farm something more than $70,000, but it was a statement that appellee's recovery was limited to the actual market value of the land in excess of $70,000.

4.

The fair market value of land is the price it would probably bring after fair and reasonable negotiations where the owner is willing to sell but not compelled to do so, and the buyer desires to purchase, but is under no necessity of obtaining the property. 5 Words and Phrases

5.

4383; *Ligare* v. *Chicago, etc., R. Co.* (1897), 166 Ill. 249, 46 N. E. 803, 808; *Stewart* v. *Ohio River R. Co.* (1893), 38 W. Va. 438, 18 S. E. 604, 608; *Boom Co.* v. *Patterson* (1878), 98 U. S. 403, 25 L. Ed. 206, 208.

If appellee proved that he performed the labor contemplated by the alleged agreement; that the farm had been made productive and had a market value of more than 4. $70,000, his right of action was established without showing an actual sale or furnishing a purchaser as above stated. *Watson* v. *Deeds* (1891), 3 Ind. App: 75, 77, 29 N. E. 151; *Claypool* v. *German Fire Ins. Co.* (1903), 32 Ind. App. 540, 544, 70 N. E. 281; *Halstead* v. *Jessup* (1897), 150 Ind. 85, 87, 49 N. E. 821; *National Surety Co.* v. *Schneidermann* (1911), 49 Ind. App. 139, 141, 96 N. E. 955.

Appellant contends that the verdict is not sustained by sufficient evidence and that the amount of damages awarded is excessive. The complaint proceeds on the theory 6. that appellee and appellant agreed that the farm was not productive and could not by usual cultivation be made to yield crops of value, and that thereupon they mutually entered into an independent parol agreement to carry out a plan to fertilize and improve the farm on a scale and by means not previously contemplated by them. Such an agreement was not a modification of the original lease but entirely independent of the same and rested upon an entirely new consideration. The evidence tends to show that 7. the farm cost appellant about $41,000 and that it had proven to be less productive than he believed it to be; that his tenant was about to abandon the farm because it could not be made to yield crops of any value; that under these conditions the parol contract was entered into for the improvement of the fertility of the soil; that appellant was to furnish the necessary material and fertilizers and appellee was to do the work; that both parties performed their respective parts of the agreement; that as a result

thereof the land became productive and reached a value in the market above $70,000; that by the terms of the independent parol agreement such result entitled appellee to the market value of the land in excess of $70,000. There is evidence tending to support every material issuable fact essential to appellee's recovery.

Complaint is also made of the refusal of the court to give certain instructions tendered by appellant and of certain instructions given by the court. The principal objections are based upon appellant's contention that the actual sale of the farm for more than $70,000 was a condition precedent to appellee's recovery. We have decided the proposition adversely to such contention and need not specifically consider the several instructions upon which that question arises.

The court adopted the theory of the complaint above indicated and told the jury that the action was based on the alleged parol agreement and that "the recovery, if 8. any, must be under the terms of the contract"; that the burden was on appellee to prove every material part thereof substantially as alleged and that if they found for the plaintiff he "would be entitled to recover from the defendant such amount as you shall find the market value of the farm exceeded the sum of $70,000." The court also informed the jury that appellee could not recover unless he proved he was to receive as compensation for his extra labor under the parol contract the market value of the land in excess of $70,000, and that if they believed from the evidence that appellant was to furnish and appellee was to distribute the fertilizer, and that the one was to offset the other, there could be no recovery. The court also informed the jury that the rights and obligations of the parties under the lease were not involved in the suit; that the lease was not the contract sued upon, but the action was based upon the alleged parol agreement and appellee must recover thereon, or not at all. These instructions correctly state

the law applicable to the issues and evidence in the case. The instructions, when considered as a whole, fairly and accurately state the law. Those refused which state correct propositions of law applicable to the case were fully covered by those given.

Complaint is made of the refusal of the court to submit certain interrogatories relating to the sale of the land. On the theory of the case above indicated, the interrogatories did not relate to issuable facts and the answers thereto could not have aided appellant in his defense and would necessarily have been treated as surplusage relating to immaterial questions. By answer to an interrogatory the jury found the market value of the land to be $73,500. The evidence sustains the answer and likewise the general verdict. The amount of the recovery cannot, on such showing, be held to be excessive.

Some other questions are suggested, which are purely technical and do not bear upon the merits of the controversy. The case seems to have been fairly tried and a correct result reached. No intervening errors are pointed out which deprived appellant of any substantial right. No reversible error is shown. §700 Burns 1914, §658 R. S. 1881; *Inland Steel Co.* v. *Ilko* (1913), 181 Ind. 72, 80, 103 N. E. 7; *Hall* v. *Grand Lodge, etc.* (1913), 55 Ind. App. 324, 331, 103 N. E. 854. Judgment affirmed.

NOTE.—Reported in 115 N. E. 257. See under (1) 31 Cyc 49; (3) 9 Cyc 577; (8) 9 Cyc 757; (10) 13 Cyc 125. Sale of real estate, commission, when earned, 139 Am. St. 225.