GOODWIN (FRIEDMAN v.). See Case No. 5,119.

GOODWIN (LEEF v.). See Case No. 8,207.

GOODWIN (LYELL v.). See Cases Nos. 8,616 and 8,617.

## Case No. 5,553.

GOODWIN v. LYNN et al.

[4 Wash. C. C. 714.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1827.

CONTRACTS — DEPENDENT OR CONCURRENT COVENANTS—AVERMENT OF PERFORMANCE.

When the covenants in an agreement are dependent or concurrent, the plaintiff must aver and prove performance, or an offer to perform the covenants on his part; and to ascertain what covenants are of this description, the intention of the parties is to be sought for rather in the order of time in which the acts. are to be done, than from the structure of the instrument.

[Cited in Dunn v. Moore, 16 Ill. 152; Pittsburgh & S. R. Co. v. Biggar, 34 Pa. St. 457; Hite v. Kier, 38 Pa. 75.]

This was an action of covenant for non-payment of a certain sum of money, the consideration for a tract of land lying in the state of New York. The declaration set forth the agreement under seal, bearing date the 23d of June, 1823, by which the plaintiff covenanted to convey to the defendants [Lynn and Butts] a certain tract of land in the state of New York, on the first day of April following, and, on the same day, to assign to the defendants a certain lease of a blacksmith's shop, and also to deliver possession of the premises to be conveyed, on which day the defendant covenanted to pay the sum of $2500, the sum sued for in this action. The plaintiff further covenanted to plough and to sow on the land, during the fall of 1823, twenty acres in wheat, and twenty in rye. The declaration averred that the plaintiff was on the land during the whole of the 1st of April, with a deed of conveyance fully executed, ready to deliver the same to the defendants, and also to deliver possession according to his agreement, but that the defendants did not come to receive the same. The plaintiff proved that he was on the land on the 1st of April 1824, with a deed duly executed, ready to deliver the same, as also the possession, but that the defendants did not come to receive either. Plea, non infregerunt, &c.

Mr. Tilghman, for defendants, objected, that the plaintiff cannot recover without averring in his declaration, and proving on the trial, that he had ploughed and sown the stipulated quantity of land in wheat and rye, and also delivered, or offered to deliver, an assignment of the blacksmith's shop; these

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

being, the one, a precedent, and the other, a concurrent covenant. 2 Selw. N. P. 443, 444.

C. J. Ingersoll, for plaintiff, replied that the performance of those acts should have been specially pleaded. .

WASHINGTON, Circuit Justice (charging jury). The general rule is, that where the covenants in an agreement are dependent, or concurrent, the plaintiff must aver in his declaration, and prove on the trial, performance of, or an offer to perform, the covenants on his part. And in the construction of the instrument, for the purpose of understanding whether the covenants are dependent or not, the intention of the parties is to be discovered, rather from the order of time in which the acts are to be done, than from the structure of the instrument, or the arrangement of the covenants. Willis, 157; 7 Term R. 130; 8 Term R. 366; 5 Bos. & P. 233; 2 Johns. 145; 1 Saund. 320, note 4; Doug. 690; 1 Saund. 320, note 4; 2 Doug. 108, note 3; Id. 352, note 1. In this case, for example, the contract was to be completed on the 1st of April 1824, but previous to that, a certain quantity of the land was to be ploughed and sown by the plaintiff in wheat and rye; in which condition it was to be conveyed, and possession delivered to the defendants. Performance, by the plaintiff of this part of the covenant, and of that which bound the plaintiff to assign the lease, or an offer to do so, is not alleged in the declarations; and if those acts have not been proved to your satisfaction, your verdict ought to be for the defendants. The burthen of proof is on the plaintiff.

Verdict for defendant.