CARVER *v.* FENNIMORE.

Suit upon a promissory note by the assignee against the maker. Answer that the note was given for the consideration of a piece of land purchased upon the terms stated in a title-bond given at the time—viz.: that there should be paid for the land 2,000 dollars, for which promissory notes were executed; and that the purchaser should have a deed, &c., "upon payment of the purchase-money." Further answer, that a deed had not been tendered, &c.; and, also, that the land, at the time of the execution of the bond, was in the adverse possession of a third person. The note sued upon was for 1,000 dollars, due on the 25th of *December*, 1855. The record is silent as to the other note. Demurrer to the answer sustained, and judgment against the defendant.

*Held*, that the paragraph setting up want of title in the obligor at the time of the execution of the bond, is no bar to the suit; that it would be enough that the obligor procured the title by the time he agreed to convey it; and that the answer should have shown that he could not do that.

*Held*, also, that the execution of the deed and the payment of the last note for the purchase-money were dependent, concurrent acts, and that, to entitle the holder to sue at law upon the note he would be bound not only to tender a deed before commencing suit, but to tender it on the day the note fell due; but,

*Held*, also, that the record in this case does not show that the note sued upon was given for the last installment of the purchase-money; and the defendant below being at fault for this defect, the judgment against him was right.

*Held*, also, that where notes are given for the purchase-money of real estate, payable before the conveyance is to be made, they are obligations independent of the execution of the deed up to the time the deed is to be made; but if uncollected at that time, they are treated as dependent.

APPEAL from the *Madison* Circuit Court.

PERKINS, J.—Suit upon a promissory note by the assignee against the maker. The maker answered that the note was given for the consideration of a piece of land purchased by him upon the terms stated in a title-bond executed at the time, viz.: that there should be paid for the land 2,000 dollars, for which promissory notes were executed; and that he should have a good and sufficient deed, &c., "upon payment of the purchase-money." He further answered, that a deed had not been tendered, &c., and also that the land, at the

·time of the execution of the bond, was in the adverse possession of a third person.

The bond and the note sued on bear date *March* 12th, 1855. The note is for 1,000 dollars, due on the 25th of *December*, 1855. The record is silent as to the other note.

The answer was demurred to, the demurrer sustained, and the defendant failing to answer further, judgment was rendered against him for the amount of the note.

The paragraph setting up adverse possession,—in other words, want of title at the time of the execution of the bond,—is no bar to the suit. It would be enough that the obligor procured the title by the time he himself agreed to convey it. The answer should have gone further and shown that he could not do that. *Wright* v. *Blachley*, 3 Ind. R. 101.—*Sweeney* v. *Sampson*, 5 Ind. R. 465 (1).

Counsel put the case, in. argument, mainly upon the construction to be given to the bond; whether it makes the payment of the purchase-money and the execution of the deed independent or dependent and concurrent acts.

In *Carpenter* v. *Lockhart*, 1 Ind. R. 434, the contract was to make a deed so soon as the purchase-money should be fully paid; and it was held there that the deed and payment must be concurrent acts, to· be performed on the day the last installment of the purchase-money fell due—that being fixed by the day of payment of the note for said installment.

In *Mix* v. *Ellsworth*, the contract was to make a deed on payment of the notes given for the purchase-money; and it was held that by that contract the deed was to be executed concurrently with the payment of the last note. 5 Ind. R. 517.

By the contract in this case, then, the making of the deed and the payment of the last note for the purchase money were made dependent, concurrent acts. And to entitle the holder to sue at law, on the last note he would be bound, not only to tender a deed before com-

Nov. Term,
1856.

CARVER
v.
FENNIMORE.

mencing suit, but to tender it on the day upon which the last note fell due, that being the time fixed by the contract for performance; because, at law, if either party fails to offer to comply upon the day fixed in cases of contracts like the present, he is in fault, and cannot afterwards enforce the contract except in equity, where time is not always regarded as of the essence of the contract. *McCulloch* v. *Dawson*, 1 Ind. R. 413.—*Gorham* v. *Reeves*, *id*. 421. Were the present suit, then, upon the last note to become due for the purchase-money, suit could not be maintained upon it at law by the payee without showing a tender of a deed on the day said note fell due; and as the note is not payable at a chartered bank—is not governed by the law-merchant—the same defense would avail against the assignee as against payee.

But the question now arises, is the note sued on for the last installment of the purchase-money? If it is, as we have seen, it could not be sued on at law, unless a deed was tendered on the day the note fell due. But if it is not for the last installment, then, its payment was independent of the execution of the deed, and the judgment below is right.

Where notes are given for the purchase-money of real estate, payable before the conveyance is to be made, they are obligations independent of the execution of the deed up to the time the deed is to be made. After that, if uncollected, they are treated as dependent. *Wright* v. *Blachley*, *supra*.—*Coe* v. *Smith*, 1 Ind. R. on page 271. Whether the note sued on, in this case, is for the last installment of purchase-money, the record does not show; and the inquiry presents itself, whose fault is it that it does not—whose duty was it to disclose the fact?

The note is, *prima facie*, a sufficient cause of action. It is for the defendant to overthrow the *prima facie* case against him. He attempts to do that by showing that the note in question was given dependent upon the execution of a deed, &c.; and he succeeds in showing

that it was given for one-half of the purchase-money of a piece of land, and that a deed was to be made when the whole of the purchase-money was paid, and fails to show that he has paid the other half, or that it has become due and payable. He does not show, therefore, that the payment of this note was originally, or has since become, dependent on the execution of a deed. His defense is not established.

No error is assigned touching the mode of assessing the damages.

It should be observed that no question arises in this case upon the pleadings and practice, under our present statute, in a suit on a note or contract where the party might wish to avail himself of the principles of equity. Whether the excuse for not performing or offering to perform on the day should appear in the complaint, or may be set up in a replication, is a point not here involved.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages, and costs.

*W. March* and *J. Davis,* for the appellant.

*D. S. Gooding* and *R. Lake,* for the appellee.

(1) It was contended in argument that this paragraph was a good bar because it averred adverse possession in one C. at the time of the sale, wherefore the sale was void. In support of this point, *Martin* v. *Pace,* 6 Blackf. 99; *Galbreath* v. *Doe ex dem. Zook,* 8 Blackf. 366; and *Hearick* v. *Doe ex dem. Dunn,* 4 Ind. R. 164, were cited.