## BASLER *v.* NICHOLS.

Suit instituted *February* 27th, 1854, by *A*. against *B*., on a contract under seal dated *January* 1, 1853, whereby *B*. agreed to clear a certain piece of land and cultivate the same for the term of two years from *March* 1, 1853, &c.,—to keep the fences in good repair and ten rails high, and to make a certain new fence. As consideration for this, *B*. was to have the timber and the crops. It was agreed that the contract should be strictly complied with, and that either party failing so to comply, should forfeit his rights under it, and pay damages. The complaint alleged three breaches—1. That the defendant did not, on or before *March* 1, 1853, clear off the timber; 2. That he failed to cultivate the land from *March* 1, 1853, and it still remains uncleared and uncultivated; 3. That he has failed to keep the fences in good repair, &c., and that now they are broken down, &c. Demurrer, on the ground that the action was prematurely brought, sustained.

*Held,* that the defendant stipulated to clear the land by *March* 1, 1853, and to cultivate it within that year; and having failed to do so, he is liable to pay damages, though the two years have not elapsed.

*Held,* also, that, in principle, this case is analagous to a suit to recover an installment due on a note payable by installments, some of which are not yet due.

Nov. Term.
1856.

BASLER
v.
NICHOLS.

*Friday,
December* 5.

APPEAL from the *Sullivan* Circuit Court.

DAVISON, J.—This suit was instituted on the 27th of *February*, 1854, by *Basler* against *Nichols*, upon a contract in writing signed and sealed by the parties, and dated *January* 1, 1853, whereby *Nichols* stipulated to make clear of timber a certain piece of land (describing it) containing about twenty acres, and cultivate the same for the term of two years from the first of *March*, 1853, and leave it in a good tillable condition. Also, to keep the fences in good order, and at least ten rails high. And further, he agreed to run a fence on the north and west of the land, provided *Basler* furnished the rails.

As a consideration for the performance of these stipulations, *Nichols* was to have all the timber on the land, and the crops raised thereon during the two years.

It was agreed that the contract should be complied with strictly, and that either party failing so to comply, should forfeit his rights under it, and pay damages.

In the complaint three breaches are alleged—1. That the defendant did not, on or before the first of *March*, 1853, clear off the timber; 2. Nor did he cultivate the land from the first of *March*, 1853; but the same still remains uncleared and uncultivated; 3. That he has neglected to keep the fences in good order and ten rails high, and that now they are broken down and utterly out of order.

Demurrer to the complaint sustained. Judgment for the defendant.

In support of the demurrer, it is insisted that the complaint and contract upon their face show, that the action has been prematurely brought. On the other hand, it is contended that in accordance with a proper construction of the contract, the defendant stipulated to clear the land of timber by the first of *March*, 1853; and also to cultivate it within that year; and that having failed to perform these stipulations, he is liable to pay damages, though the two years named in the contract have not expired.

We are inclined to favor this construction. The par-

ties evidently intended that the defendant should culti- vate the land in both years, but the first passed away without its being cultivated or even cleared, and when this suit was brought it was not within his power to fulfill the stipulations. Reasons might be adduced to show that it was of value to the plaintiff to have the land cleared and cultivated in the year 1853. They are not, however, important in the discussion of the ques- tion before us, because the language of the contract sufficiently indicates the intention of the parties. ,

The defendant having thus been guilty of a distinct breach of contract, from which damages are the neces- sary result, we are unable to perceive the ground upon which the plaintiff's right of action should be postponed until the expiration of the two years. In principle, this case is not different from a suit to recover an installment due on a note payable by installments, although some are not yet due. *Tucker* v. *Randall*, 2 Mass. 283.—*Green- leaf* v. *Kellogg, id.* 568 (1).

GOOKINS, J., having been concerned as counsel in the case, was absent.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. B. Gookins*, for the appellant.

(1) See *Carver* v. *Fennimore, ante* 135.