Nov. Term,
1861.

KIETH
v.
KERR.

### KIETH *v.* KERR and Another.

Suit by *A.* against *B.* and *C.*, to recover the value of hogs alleged to have been wrongfully taken by them and converted to their use. *B.* answered, that the property described, at the time it was taken by him, was in the possession of *C.*, to whom the same had been sold and delivered by *A.*, and that *C.* sold and delivered the property to him. *C.* answered, that he had contracted with *A.* for the purchase of the hogs, which were to be delivered to him on the payment of the price, but that he never paid said price, and never had the possession of said hogs, nor any right to the possession thereof, and never directed or authorized any one to convert the same. On the trial, the plaintiff gave in evidence against *B.* the answer of his co-defendant *C.* *B.* gave in evidence a written contract signed by *C.*, as follows, viz., "I have this day bought of *A.*, 16,371 lbs. gross, of hogs, amounting to $590.48. to be paid for at the pens at *M.*" The Court instructed the jury that the contract, signed by *C.* alone, was not binding on *A.*, because not signed by him, and did not preclude him from showing by parol testimony that such writing did not embrace the entire contract.

*Held*, that as *B.* claimed to derive title from *C.*, the declarations of the latter, by his answer, or otherwise, were not admissible to impeach the title of *B.*, since the declarations of a vendor, made after he has parted with his title, are not admissible to affect any one claiming under him.

*Held*, also, that the charge of the Court, so far as it assumed that the written contract was not binding upon *A.*, was incorrect, since he was a party to the instrument, notwithstanding he did not sign it.

*Held*, also, that it is only where the written instrument appears on its face to be incomplete, and the proposed extrinsic testimony does not in any degree tend to contradict or vary the terms of the writing, that such extrinsic evidence is admissible to show the whole contract.

*Held*, also, that the contract given in evidence was incomplete, in not showing where the hogs were to be delivered, and this might have been shown by parol testimony.

*Friday,*
*December 6.*

APPEAL from the *Parke* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs, sued *Flurey Kieth, Alexander McCune, Henry McCune, Hary McLane,* and *Reuben Lowhorn,* alleging in their complaint that the defendants, on *December* 20, 1857, wrongfully, &c. seized, took into their possession, drove away, slaughtered, and converted to their own use, 16,371 lbs. gross, of hogs, of the value of $1,000, to the plaintiff's damage, &c. *Kieth*

answered: 1. By a denial. 2. That the property described, &c. at the time it was taken possession of by him, was in the possession of said *Lowhorn*, to whom the same had been sold and delivered by the plaintiffs, and that *Lowhorn* sold and delivered the property to him, *Kieth*, who, on the day named in the complaint, took possession of it, as he had a right to do, by virtue of said sale and delivery to him, and converted it to his own use, &c.   *Lowhorn* also filed a separate answer, in which he alleges, "that on *December* 24, 1857, he contracted with the plaintiffs for fifty-three head of fat hogs, weighing, gross, 16,371 lbs., for which he was to pay $3.50 per one hundred pounds, gross weight, on delivery of the hogs, by them to him, at the pens in *Montezuma*, *Parke* county, *Indiana ;* that said hogs were, in pursuance of the contract, weighed on said *December* 24, and were to be delivered by the plaintiffs in a reasonable time thereafter, at the place aforesaid; but the same were to remain the property of the plaintiffs, until paid for at the pens aforesaid, according to the terms of the contract.  Defendant avers that at no time hitherto, has he had possession, or the right of possession of said hogs; that the same were never delivered or tendered to him by the plaintiffs, nor has he paid, or offered to pay, the plaintiffs one cent on said hogs.  And now, as at all times heretofore, this defendant disclaims any right of possession in, or to, said hogs, and denies that he ever directed, authorized, or gave any one leave to take possession of them; and this, his disclaimer, he enters in open court, &c. Defendant also denies that he is guilty of the trespasses alleged, &c.

The other defendants answered by general denial, &c. The issues having been completed, the cause was submitted to a jury.  During the trial, all the defendants, save the *McCunes* and *Kieth*, were discharged.  And upon final hearing, the jury rendered a verdict in favor of the *McCunes*, and against *Kieth*.  Judgment, over a motion for a new trial, was accordingly given.  *Kieth* appeals to this Court.

While the trial was in progress, the defendants having on notice to produce, &c., obtained an inspection of a written instrument executed by *Lowhorn* to the plaintiffs, gave

Nov. Term, the same in evidence to the jury. The instrument reads
1861.    thus:

KIETH          "I have this day bought of *James* and *S. P. Kerr*, 16,371
  v.      lbs. gross, of hogs, amounting to 590 dollars and 48 cents,
KERR.     to be paid for at the pens at *Montezuma*."

                          (Signed)   "REUBEN LOWHORN."

It also appears that upon the trial, the plaintiffs, over the
defendants' objection, gave in evidence the answer of *Low-
horn.* And further, it appears that the Court, the evi-
dence being closed, thus instructed the jury: "The writing
introduced by the defendants, signed by *Lowhorn* alone,
and claimed by them to be the only admissible evidence of
the contract between the parties, is not binding on the
plaintiffs if not signed by them, and the same being in
evidence, does not preclude the plaintiffs from showing by
parol testimony that such writing did not embrace the entire
contract." Though various errors are assigned, the appel-
lant, for a reversal, relies alone upon two points, and they
only will be noticed: 1. The admission in evidence of the
answer of *Lowhorn*. 2. The instruction relative to the writ-
ten instrument. The first point seems effective. The de-
fendant claims to have derived title immediately from *Low-
horn*, and his answer is, in effect, the declaration of a
vendor, after he has transferred the property sold to his
vendee, going to impeach the title of the latter; such de-
clarations should not be allowed to work that consequence.
*Phœnix* v. *Day*, 1 Johns. 412. Indeed, the cases on this sub-
ject are uniform. "All seem to agree, that declarations
made by a person under whom a party claims, after the
declarant has departed with his right, are utterly inadmissi-
ble to affect any one claiming under him. 1 Phil. Ev. 4 Am.
ed. note 4, pp. 314–322; *Alexander* v. *Gould*, 1 Mass. 165;
*Clarke* v. *Waite*, 12 *id.* 439. There is, however, one adjudi-
cated case in which "the answer of a defendant was allowed
as evidence *in favor* of a co-defendant, where such co-
defendant, being the depository of a chattel claimed by the
plaintiff, defends himself under the title of the other defend-
ant." *Mills* v. *Gore*, 20 Pick. 28. But we know of no au-
thority for the admission of such answer, where its tendency

is to disprove the co-defendant's title. The evidence, in our judgment, should have been rejected.

The remaining inquiry relates to the charge of the Court. That charge, so far as it assumes the position that the written contract given in evidence was not binding on the plaintiffs, seems to be incorrect. They were parties to the instrument, and, though they did not sign it, were evidently bound by its terms. But the substantial question involved in the instruction is, whether it was competent for the plaintiffs to show "by oral testimony that the writing did not embrace the entire contract between the parties." Mr. *Parsons* says: "Where an agreement between the parties is one and entire, and only a part of this is reduced to writing, the residue may be proved by extrinsic evidence." 2 Parsons on Cont., p. 65. The rule thus stated is no doubt intended to apply where the written contract on its face appears to be incomplete, and the proposed extrinsic evidence does not, in any degree, tend to contradict or vary the terms of such incomplete contract. *Jeffery* v. *Walton*, 1 Starkie, 127. Here, the contract, with one exception, appears on its face to be complete. It does not show when the hogs sold were to be delivered to the buyer, and that, it seems to us, might have been shown by oral testimony. But the charge in question is too general in its terms; it fails to point out what might be proved consistent with the writing, in order that the contract might stand complete before the jury. It was plainly not enough to say, generally, that the plaintiffs were not precluded from showing that the "writing did not embrace the entire contract;" because such a direction to the jury might lead them to base their verdict on oral testimony in conflict with the terms and effect of the writing. We are of the opinion that the instruction is erroneous.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*Bryant, McDonald* and *Roache*, for the appellant.