## IRWIN *v.* LEE.

CONTRACT.—*Dependent and Independent Agreements.*—Where a covenant or agreement might be sued upon as independent, but this has not been done until the party who might thus sue has become bound on his part to perform some act under the same contract, the two acts then become dependent, and neither party can sue the other on the contract without first performing or tendering performance on his part.

SAME.—*Mandate.*—*Parol Evidence.*—Where a person subscribed a certain sum to the capital stock of a turnpike company, in consideration of the agreement

of the agents of the company that, if he would so *subscribe*, a lifetime pass over the road for himself and family should be issued to him by the company; *Held*, in an action by said subscriber against the president of said company for a mandate to compel said president to issue said pass, that if such were a case for a mandate, yet the action would not lie if at the time the suit was brought the money was due on the subscription and payment had not been made or tendered.

*Held*, also, that parol evidence of said agreement to issue a pass was inadmissible.

APPEAL from the Montgomery Circuit Court.

DOWNEY, J.—This was a proceeding by mandate by the appellee against the appellant, as president of a turnpike company. The complaint alleges that the appellee subscribed two hundred dollars to the capital stock of the company, payable when the road should be completed to a point opposite to his farm; that the agents of the company, to induce him to *subscribe*, promised him, if he would do so, a lifetime pass for himself and family over the road; that they allowed him to travel the road for a time without pay, and then required him to pay toll; and he asks that the president of the road be compelled to issue the pass.

The defendant, in his answer, sets out the written instrument by which the subscription was made, alleges a verbal and voluntary promise of the agents of the company that on *payment* of the subscription by him, and on no other condition, they would cause the pass to be issued to him; that the road had been long theretofore completed to and through the farm of the plaintiff; and that the company had been and were ready to issue the pass on payment of the subscription, but that the plaintiff had not paid the subscription.

The reply was a general denial. Trial by jury, and verdict and judgment for the plaintiff, a motion for a new trial having been made by the defendant and overruled.

The first error assigned is, that the court improperly overruled the defendant's demurrer to the complaint. But we do not find any such demurrer in the record, nor any such action of the court. There is no assignment of error that the complaint is insufficient, and therefore the question is not

before us. We do not wish to be understood as deciding that the case is one for a mandate. The statute only authorizes the writ to issue to an inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins; or a duty resulting from an office, trust, or station. 2 G. & H. 322, sec. 739.

The second error alleged is, that the court instructed the jury that the contract to pay the subscription and the promise to issue the pass were independent contracts or stipulations, and that the plaintiff could sue for the pass without having paid or offered to pay the subscription, if the jury found that the *making of the subscription* was the consideration for which the pass was to issue, and not the *payment* of the amount subscribed.

And the third error is, that the court refused to instruct the jury that notwithstanding the jury may believe that the plaintiff was entitled to the pass upon subscribing the two hundred dollars, yet if he did not obtain the same until the money became due on the subscription, he cannot have a mandate for the pass until he has tendered the two hundred dollars.

Courts incline to hold covenants or agreements to be dependent, and not independent, when the form of the covenants or agreements will allow them to do so. One reason for this is that it tends to prevent litigation.

The decisions of this court seem to warrant the rule that when a covenant or agreement might be treated as independent and an action brought on it, yet if that is not done until the party who might thus sue becomes bound, on his part, to perform some act under the same contract, the two acts then become dependent acts, and neither party can sue without first performing or tendering performance on his part. *Gillum* v. *Dennis*, 4 Ind. 417; *Cunningham* v. *Gwinn*, 4 Blackf. 341; *McCulloch* v. *Dawson*, 1 Ind. 413.

If we are right in this view, then the court was not right in giving the above charge, or in refusing the one refused.

Another question raised is as to the propriety of the ruling of the court in admitting evidence by parol of the agreement with reference to the issuing of the pass. It is insisted that the written contract of subscription set out in the answer should exclude the parol stipulation with reference to the pass.

Because one of the parties to the contract has not signed it, it does not follow that other stipulations on the part of that party can therefore be proved by parol. *Keith* v. *Kerr*, 17 Ind. 284.

It is only where the written instrument appears on its face to be incomplete, and the proposed extrinsic testimony does not, in any degree, tend to contradict or vary the terms of the writing, that such extrinsic evidence is admissible to show the whole contract. *Id.*

To allow the plaintiff to show by parol that at the time the written contract was made, there was a stipulation, on the part of the company, in addition to what was put in the writing, would, in our opinion, violate the well known and well established rule that evidence of parol contemporaneous agreements, by which the written contract between the parties would be contradicted, or something added to or taken from it, cannot be received.

We think the court should have granted a new trial on the motion of the defendant.

The judgment is reversed, with costs, and the cause remanded.

*S. C. & L. B. Willson,* for appellant.