SUMMERS *v.* SLEETH.

CONTRACT.—*Concurrent Acts.*—Where by the terms of a promissory note, payable to a railroad company, and by it assigned to the plaintiff, the company was upon its payment to issue to the maker an amount of the capital stock of the company equal to the amount of the note;

*Held,* that the payment of the note and the issuing of the stock were dependent and concurrent acts, and the stock must be issued and tendered to the maker before an action on the note could be maintained.

*Held,* also, that the acceptance and assignment of the note by the company imposed on it the duty to tender the stock.

From the Bartholomew Circuit Court.

*S. Stansifer,* for appellant.

PETTIT, J.—The appellee brought suit against the appellant, and this was the complaint:

" George B. Sleeth, plaintiff, complains of William D. Summers, defendant, and says that said defendant, on the 27th day of September, 1864, by his promissory note, which was signed by him as W. D. Summers, which is hereto attached, promised to pay the Junction Railroad Company the sum of one hundred and fifty dollars, without relief from valuation or appraisement laws, on the arrival of the first train of cars on said Junction railroad at Rushville, which note said Junction Railroad Company, by J. Leach, their treasurer, in writing on the back thereof, assigned and transferred to the plaintiff. Plaintiff avers that said railroad was constructed in a reasonable time thereafter, to wit, within two years; and that the first train of cars on said Junction railroad arrived at Rushville on the 25th day of December, 1866, whereupon said note became due and payable; but plaintiff avers that said note still remains and now is wholly unpaid; wherefore the plaintiff demands judgment for three hundred dollars, without relief from valuation or appraisement laws." The copy of the note is this:

" No. 363. CONNERSVILLE, IND., Sept. 27th, 1864.

" For the purpose of providing means to aid in the construction of the Junction railroad, and in consideration thereof, I promise to pay, on the arrival of the first train of cars on said road, at Rushville, to the order of said Junction Railraad Company, at the Bank of the State of Indiana, Branch at Rushville, the sum of one hundred and fifty dollars, without relief from valuation or appraisement laws; for which said railroad is to issue to me the amount in the capital stock of said company, on the payment of said one hundred and fifty dollars. W. D. SUMMERS."

A demurrer for want of sufficient facts to this complaint was overruled, exception taken, and this ruling is assigned for error.

We hold that the payment of the money and the issuing of stock were dependent and concurrent acts, to be done by the

parties to the note, and that suit cannot be maintained on it without averring that the stock was issued and tendered to the maker before suit was brought. *Irwin* v. *Lee*, 34 Ind. 319, and cases there cited ; *Carver* v. *Fennimore*, 8 Ind. 135 ; *The President, Directors and Company of the Bank of Columbia* v. *Hagner*, 1 Peters, 455 ; *Leonard* v. *Bates*, 1 Blackf. 172. The acceptance and assignment of the note imposed on the payee the duty to tender the stock before suit was brought. *Street* v. *Chapman*, 29 Ind. 142.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to sustain the demurrer to the complaint.