## STRAUS ET AL. v. YEAGER.

[No. 7,144. Filed February 2, 1911. Rehearing denied June 1, 1911.
Transfer denied October 11, 1911.]

1. COURTS.—*Jurisdiction.*—*Contracts.*—*Sales.*—The circuit court of the county in which defendant lives has jurisdiction of an action to recover damages for an alleged breach of an executory contract for the sale of lands situate in Illinois.   p. 453.

2. VENDOR AND PURCHASER.—*Contracts of Sale.*—*Tender.*—*Purchase Money.*—Where a contract for the sale of real estate is entire and its provisions are concurrent and dependent, an action for purchase money cannot be maintained until the vendor has tendered a deed conveying a merchantable title to the real estate. p. 453.

3. VENDOR AND PURCHASER.—*Contracts of Sale.*—*Divisible.*—*Tender.*—An action for damages lies for the breach of a provision in an executory contract for the sale of real estate without the tender of a deed, where the contract is divisible and the obligations are independent.   p. 454.

4. CONTRACTS.—*Entire.*—*Divisible.*—A contract is not necessarily indivisible because it is contained in one instrument and signed by the same parties.   p. 454.

5. VENDOR AND PURCHASER.—*Covenant to Convey.*—*Consideration.*—Where the covenant to convey is the consideration for the obligation to pay, a tender of the deed of conveyance is not an essential prerequisite to the collection of the debt.   p. 454.

6. VENDOR AND PURCHASER.— *Contracts of Sale.*— *Divisibility.*—Where vendors contracted, in consideration of $50 cash, "$9,000 to be paid in cash  *  *  *  on November 13," and $1,000 to be paid on the following March 1, the balance to be secured by mortgage, to convey certain lands not later than March 1, such vendors may maintain an action for such payments as they become due, although they have not tendered a deed for such land, the contract being divisible.   p. 454.

7. VENDOR AND PURCHASER.—*Contract to Accept Defective Title.*—One may contract to accept a defective title, or to make payments before obtaining title, but he cannot afterwards be heard to say that another rule would have been applicable in the absence of such agreement.   p. 457.

8. PLEADING.—*Complaint.*—*Sufficiency for Some Relief.*—A complaint sufficient to entitle the plaintiff to some relief is good as against a demurrer.   p. 457.

9. VENDOR AND PURCHASER.—*Sales.*—*Payments.*—*Deeds.*—*Tender.*—*Amended Complaint.*—Where a vendee agreed to make a pay-

ment on a purchased farm on November 13, the deed to be executed not later than the following March 1, and a complaint for the collection of such payment was filed November 14, an amended complaint filed after March 1 need not show a tender of a deed, since an amended complaint relates back to the time of the filing of the original complaint. p. 457.

10. VENDOR AND PURCHASER.—*Contracts of Sale.—Remedies for Breach.—Express Mention of.—Effect.*—Where a contract for the sale of real estate provides, among other things, that "if either of the parties shall fail or refuse to perform the stipulations hereof * * * the other parties may, by suit, enforce the specific performance * * * of this contract, * * * or may at their option recover from such defaulting party * * * whatever damages they may have suffered," the parties are not restricted to the remedies expressed, but may resort to any other legal remedies for redress. pp. 458, 460, 461.

11. SPECIFIC PERFORMANCE.—*Contracts.*—A suit for the specific performance of a contract is an equitable proceeding, and imports that the contract will be ordered performed, if at all, substantially as agreed upon. p. 460.

12. CONTRACTS.—*Exclusion of Legal Remedy.*—A contract that excludes a legal remedy for the breach thereof must be definite and positive in that regard. p. 461.

13. CONTRACTS.—*Construction.—Words.*—Contracts will be construed so as to give effect to the intention of the parties; and the words used will be given their ordinary meaning unless a different meaning is indicated. p. 461.

14. CONTRACTS.—*Construction.—Consistency.—Application of Law thereto.*—In construing a contract, the instrument should be made consistent; and the law applicable thereto should be considered in making such construction. p. 461.

From Benton Circuit Court; *J. T. Saunderson,* Judge.

Suit by Simon J. Straus and others against Edwin S. Yeager. From a judgment for defendant, plaintiffs appeal. *Reversed.*

*Charles M. Snyder* and *Odell Oldfather,* for appellants.
*Frazer & Isham,* for appellee.

FELT, J.—This is an appeal from a judgment of the Benton Circuit Court, sustaining a demurrer to a complaint in three paragraphs.

The errors assigned and argued by counsel for appellants

are the sustaining of appellee's demurrer to appellants' amended first and "third and further" paragraphs of complaint.

In the amended first paragraph of complaint it is alleged, in substance, that plaintiffs were partners doing business under the firm name and style of Straus Bros. & Co.; that on October 31, 1906, plaintiffs entered into a certain contract in writing with defendant, which contract was filed as an exhibit and made a part of the complaint; that by the terms of said contract defendant agreed to pay to plaintiffs on November 13, 1906, the sum of $9,000, which was due and unpaid; that by the mutual mistake of the parties to said contract, and of the scrivener who wrote it, it was dated "November 31, 1906," when, in truth and in fact, it was executed on October 31, 1906; that on November 13, 1906, and thereafter, plaintiffs were ready and willing to perform all the conditions of said contract to be by them performed, and offered to perform all the conditions that had accrued up to that date, and on that date demanded of appellee the performance of each of the conditions on his part to be performed, that had accrued up to that date; that defendant refused to perform the conditions on his part to be performed, and prevented plaintiffs from performing the conditions to be by them performed. On this paragraph the plaintiffs pray judgment for $10,000, and all proper relief.

Plaintiffs' "third and further paragraph of complaint" alleges the facts stated in said amended first paragraph of complaint, and, in addition thereto, states that by the terms of said contract, defendant sold and plaintiffs bought a stock of goods owned by defendant, and located at Earl Park, Indiana, which stock was to be invoiced at actual cost of the goods, except that those damaged, unsalable, or out of style, were to be taken at their actual value; that the possession of said stock was to be delivered to plaintiffs on November 13, 1906, and inventory was to be made of

the stock on that day or the day following; that, according to the intention of the parties executing said contract, the amount of the value of said stock of goods, when ascertained, was to be applied on the debt of $9,000, to be paid by defendant to plaintiffs on November 13, 1906; that on November 13, 1906, plaintiffs demanded of defendant possession of said stock of goods at the place in Earl Park, Indiana, where the goods were situated, and then and there offered to proceed with the inventory thereof, and demanded of defendant the performance of his contract, and offered to perform all the conditions of said contract by plaintiffs to be performed, which had accrued to that date; that defendant refused to perform any of the conditions of said contract on his part to be performed, and then and there repudiated said contract, denied the execution thereof, refused to deliver the stock of goods to plaintiffs, or to proceed with the inventory, or to permit plaintiffs so to do, and also refused to pay said sum of $9,000, or any part thereof, and ordered plaintiffs from the premises; that plaintiffs were ready, willing and able to do and perform all the conditions of said contract that had accrued to the date of the commencement of this suit, which they were to perform, and have actually performed all such conditions, except those that defendant prevented them from performing, and stand ready to do and perform each condition of the contract on their part thereafter to be performed, in accordance with the provision thereof. This paragraph of complaint also avers the mutual mistake as to the date of the contract, and prays that it be reformed and made to bear the date of October 31, 1906, and demands judgment in the sum of $10,000. The original suit was filed on November 14, 1906, and the paragraphs of complaint now under consideration were filed on October 1, 1907. The demurrer challenges the sufficiency of the facts alleged, and also the jurisdiction of the court.

The contract, filed as exhibit A, shows, in substance, that

the first parties, appellants, sold to the second party, appellee, for the sum of $29,850, certain real estate in Iroquois county, Illinois, which real estate the first parties agreed to convey, or cause to be conveyed, to the second party by deed of general warranty, free from all encumbrances, except such as were specified in the contract. The first parties agreed to furnish an abstract showing a merchantable title to the real estate, and fixed the time for the examination of said title. The purchase price was to be paid as follows: $50 in cash, "$9,000 to be paid in cash to first parties on November 13, 1906," $1,000 to be paid in cash on March 1, 1907, and the balance to be secured by mortgage on the real estate, and evidenced by notes bearing date of March 1, 1907. The contract contains the following:

"Said deed, abstract, deferred payments, notes, mortgage and insurance policy shall be delivered, and this contract shall be closed on or before March 1, 1907, at the office of Straus Bros. & Co., at Ligonier, Indiana."

It also provided that if the title was not merchantable at that time, the first parties should have sufficient time thereafter to correct all such defects, either by suit to quiet title, or otherwise, but that the date for closing the deal should not be delayed beyond March 1, 1907, on account of defects in the title, and provided that in case defects were found, a bond should be executed to indemnify the second party against any loss or damage on account thereof. The contract contains the following provision:

"If either of the parties shall fail or refuse to perform the stipulations hereof on their part, then the other parties, may, by suit, enforce the specific performance by the defaulting party of this contract, the execution of a deed as herein provided, and the performance of any other act hereby required of the defaulting parties, or may at their option recover from such defaulting party, with interest and attorney's fees, without relief whatever from valuation and appraisement laws, whatever damages they may have suffered by reason of such default."

Following this portion of the contract, we find a provision stating that

"it is further agreed that, in consideration of the foregoing, the second party hereby sells and the first party hereby buys the stock of goods now owned by the second party, which is located at Earl Park, Indiana, which stock is to be invoiced at actual cost (no charge for freight or cartage), except such goods as are damaged, or unsalable on account of style, which shall be taken at value."

The contract further provides:

"Said stock to be turned over to Straus Bros. & Co. on November 13, 1906, and inventory to be made, starting on the 13th of November, or the 14th."

And it also states that each party shall select an appraiser.

The contention of appellee, that the court did not have jurisdiction, cannot be approved. This may have been a sound argument as applied to the amended second

1. paragraph of complaint, which was for specific performance of the contract, and showed the purchase of real estate in Illinois, but this paragraph has been abandoned by appellants, and we have to consider only the amended first and "the third and further" paragraphs. These paragraphs seek a recovery of a part of the purchase money of the Illinois real estate upon the executory contract. Neither paragraph shows that appellants have title, nor that they have tendered title.

Appellee contends that a tender of a merchantable title is a condition precedent to the enforcement of the demand for payment of any part of the purchase money. If

2. the contract is one that must be dealt with as an entirety, and its provisions are concurrent and dependent, then the weight of authority in this State supports such contention. *Irwin* v. *Lee* (1870), 34 Ind. 319; *Goodwine* v. *Morey* (1887), 111 Ind. 68; *Melton* v. *Coffelt* (1877), 59 Ind. 310; *Migatz* v. *Stieglitz* (1906), 166 Ind. 361; *McCleary* v. *Chipman* (1904), 32 Ind. App. 489.

Where the contract is divisible, and the obligations are independent, if the parties to the agreement have provided that an instalment of the purchase money shall be due before the time arrives for executing the deed, then suit may be maintained for the instalment due, without tendering a deed or showing title. *Wile* v. *Rochester Improvement Co.* (1900), 24 Ind. App. 422; *Claypool* v. *German Fire Ins. Co.* (1904), 32 Ind. App. 540; *Keller* v. *Reynolds* (1895), 12 Ind. App. 383, 387; *Loud* v. *Pomona Land, etc., Co.* (1894), 153 U. S. 564, 14 Sup. Ct. 928, 38 L. Ed. 822; *Wooten* v. *Walters* (1892), 110 N. C. 251, 14 S. E. 734; *Leonard* v. *Bates* (1822), 1 Blackf. *171, *173; *Cunningham* v. *Gwinn* (1837), 4 Blackf. 341, 1 Beach, Contracts §731; 7 Am. and Eng. Ency. Law (2d ed.) 95; *Irwin* v *Lee, supra; Carver* v. *Fennimore* (1856), 8 Ind. 135; *Basler* v. *Nichols* (1856), 8 Ind. 260; *Harshman* v. *Paxson* (1861), 16 Ind. 512; *Keeler* v. *Clifford* (1897), 165 Ill. 544, 46 N. E. 248.

4. A contract is not entire and indivisible because embraced in one instrument and signed by the same parties. *Pierson* v. *Crooks* (1889), 115 N. Y. 539, 22 N. E. 349, 12 Am. St. 831.

5. Where the covenant to convey is the consideration for the obligation to pay, a tender of conveyance is not essential to the collection of the debt. *Trimble* v. *Green* (1835), 33 Ky. *353.

6. We are called on to determine whether the covenants in the contract executed by appellants and appellee are dependent or independent. That is, on November 14, 1906, when this suit was filed, did the right of appellants to maintain this suit depend upon their execution of the covenant to convey, or upon a tender of a deed for the land? Did appellants have the right to divide the contract, and sue for the $9,000, which, by the terms thereof, became due on November 13, 1906? We have purposely

set out all the material provisions of the contract to enable us properly to determine this question.

In the case of *Loud* v. *Pomona Land, etc., Co., supra,* on page 576, the court, by Jackson, J., said: "The question whether covenants are dependent or independent must be determined in each case upon the proper construction to be placed on the language employed by the parties to express their agreement. If the language is clear and unambiguous' it must be taken according to its plain meaning as expressive of the intention of the parties, and under settled principles of judicial decision should not be controlled by the supposed inconvenience or hardship that may follow such construction. If parties think proper, they may agree that the right of one to maintain an action against another shall be conditional or dependent upon the plaintiff's performance of covenants entered into on his part. On the other hand, they may agree that the performance by one shall be a condition precedent to the performance by the other. The question in each case is, which intent is disclosed by the language employed in the contract? * * * In the learned note of Serjeant Williams to the early case of *Pordage* v. *Cole* [1607], 1 Saund. 319i, 320a, it is said that 'if a day be appointed for payment of money, or part of it, or for doing any other act, and the day is to happen, or may happen, before the thing which is the consideration of the money, or other act, is to be performed, an action may be brought for the money or for not doing such other act before performance; for it appears that the party relied upon his remedy, and did not intend to make performance a condition precedent; and so it is where no time is fixed for performance of that which is the consideration of the money or other act.'"

In the syllabus to the case of *Goldsborough* v. *Orr* (1823), 8 Wheat. *217, 5 L. Ed. 600, it is said that "where the acts stipulated to be done, are to be done at different times, the covenants are to be construed as independent of each other."

In the case of *Goodwin* v. *Lynn* (1827), 4 Wash. C. C. 714, Fed. Cas. No. 5,553, the rule is laid down that to ascertain ''whether covenants are dependent or not, the intention of the parties is to be discovered, rather from the order of time in which the acts are to be done, than from the structure of the instrument.''

In 7 Am. and Eng. Ency. Law (2d ed.) 95, the two classes of contracts are defined as follows: ''A contract is entire when by its terms, nature, and purposes it contemplates and intends that each and all of its parts, material provisions and the consideration, are common each to the other and interdependent. A divisible contract is one in its nature and purposes, susceptible of division and apportionment, having two or more parts in respect to matters and things contemplated and embraced by it, not necessarily dependent upon each other, nor is it intended by the parties that they shall be.''

In the case of *Wile* v. *Rochester Improvement Co., supra*, this court uses the following language applicable to this case: ''It is an action to recover instalments of purchase money due; the time for payment of the last instalment and for the execution of the conveyance by the plaintiff not having arrived at the commencement of the action. The promise to pay the instalments, to recover the amount of which the action is brought, was not to be performed concurrently with the execution of a conveyance, but was an independent promise. Therefore, it was not needed in the complaint to show performance, or tender of performance, or readiness and ability to perform on the part of the plaintiff.'' To the same effect is the case of *Walker* v. *Stimmel* (1906), 15 N. Dak. 484, 107 N. W. 1081. It is our conclusion that this contract meets every requirement of a divisible contract, and that the obligation to pay the $9,000 was an independent covenant, not depending upon a tender of title.

A party may contract to accept a defective title, or to make payments before obtaining title, but if he does so he cannot

be heard to complain that another rule would have been applicable in the absence of such agreement. *Ditchey* v. *Lee* (1906), 167 Ind. 267; *McCleary* v. *Chipman* (1904), 32 Ind. App. 489; *Pitman* v. *Conner* (1866), 27 Ind. 337.

Our code (§376 Burns 1908, §370 R. S. 1881) provides that "in pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part. If the allegations be denied, the facts showing a performance must be proved on the trial." *Collins* v. *Amiss* (1903), 159 Ind. 593; *Watson* v. *Deeds* (1891), 3 Ind. App. 75, 77.

8. If a complaint is good in part, and entitles the complainant to any relief, it will withstand a demurrer. *Migatz* v. *Stieglitz, supra; Bloomfield R. Co.* v. *Van Slike* (1886), 107 Ind. 480; *Keller* v. *Reynolds, supra.*

Appellee contends that even if tender of a deed was unnecessary when the suit was filed on November 14, 1906, it was necessary when the paragraphs of complaint, now in question, were filed on October 1, 1907, because the deed was due on March 1, 1907. *Irwin* v. *Lee, supra, Leonard* v. *Bates, supra,* and *Ditchey* v. *Lee, supra,* and some other cases, are cited in support of this proposition. If no suit had been brought until after March 1, 1907, this proposition might avail appellee; but suit was begun on November 14, 1906, and the amended first and "third and further" paragraphs must be tested as of that date. The cases cited are clearly distinguishable from cases like the one at bar.

An amended complaint, in the absence of some agreement or waiver, affords the relief obtainable on the facts alleged as of the date of the beginning of the suit, without reference to the date of the filing of the amended pleading. *Jordan* v. *Indianapolis Water Co.* (1902), 159 Ind. 337; *Pitzele* v. *Reuping* (1904), 32 Ind. App. 237.

We have yet to consider the effect of the portion of the

contract that we have before set out, on the subject of remedies. This is a suit upon a contract to recover an instalment of the purchase money. Can it be maintained, notwithstanding the provisions of the contract relative to remedies? We might refuse to consider the effect of that provision of the contract, as it is not mentioned under points and authorities, and is only referred to by appellant in his statement of facts and in argument. However, the decision of the questions raised by the error assigned involves the construction of the contract, and we deem it best to express our views upon it, so far as involved in the ruling upon the demurrer to the complaint.

Does the maxim *"Expressio unius est exclusio alterius"* apply to the provisions of this contract relating to the remedies to be pursued in case of default by either party? In other words, Are the appellants by this provision limited to a suit for damages for the breach of the contract, or to an equitable action for the specific performance of the contract as an entirety? This maxim has been applied to the construction of written instruments, such as deeds, wills and leases; but nowhere have we found it applied to contracts on the subject of remedies. Broom's Legal Maxims (8th ed.) 650; Wharton's Legal Maxims (Am. ed.) 87; 2 Coke on Littleton p. 210. Our courts have applied this principle to the construction of statutes. *Couchman* v. *Prather* (1904), 162 Ind. 250; *Hart* v. *Smith* (1902), 159 Ind. 182, 58 L. R. A. 949, 95 Am. St. 280; *Woodford* v. *Hamilton* (1894), 139 Ind. 481. The reason for this rule is stated in 2 Lewis's Sutherland, Stat. Constr. (2d ed.) §491 thus: *"Expressio unius est exclusio alterius.* This maxim, like all rules of construction, is applicable under certain conditions to determine the intention of the lawmaker when it is not otherwise manifest. Under these conditions it leads to safe and satisfactory conclusions; but otherwise the expression of one or more things is not a negation or exclusion of other things. What is expressed is exclusive only when

it is creative, or in derogation of some existing law, or of some provisions in the particular act. The maxim is applicable to a statutory provision which grants originally a power or right.''

If, in the construction of statutes, ''what is expressed is exclusive only when it is creative, or in derogation of some existing law, or of some provision in the particular act,'' or when the statute ''grants originally a power or right,'' we may be aided by testing the provisions of the contract under investigation by applying the reasons assigned in the construction of statutes. The contract specifies the remedy of suit for damage for breach of its provisions, and also provides that ''if either of the parties shall fail or refuse to perform the stipulations hereof on their part, then the other parties may by suit enforce the specific performance by the defaulting party of this contract, the execution of a deed as herein provided, and the performance of any other act hereby required of the defaulting parties.'' The remedies specified in the contract are available under the law, independent of the contract. No new remedy is suggested by it, and no authority has been cited showing the application of the doctrine of this maxim to contracts specifying remedies. Doubtless a contract could, by specific provisions, limit the remedies to be pursued in case of default; but that is not the question presented by the one before us. This is a question of implied exclusion.

We have sought diligently for authority upon the application of the principle that ''the express mention of one person or thing is the exclusion of another,'' to remedies named in a contract, and have found none. The reason of the rule excluding things not mentioned fails when applied to a contract specifying remedies available under the law independent of the contract. We do not feel justified in extending the application of this maxim to a subject, to which it has not been applied, so far as we are able to ascertain, and especially so as the reason for the rule does not seem to justify

such application. This conclusion is supported by decisions of both the Supreme Court and the Appellate Court, in construing the employers' liability act of 1893. While these decisions may not be directly in point here, they do, however, clearly distinguish the sections of the act that enlarge the liability of railroads from those sections that only enact a liability already existing under the common law. In the latter case the liability given by the statute is held not to change or exclude the action given by the common law. *Thacker* v. *Chicago, etc., R. Co.* (1902), 159 Ind. 82, 59 L. R. A. 792; *Whitcomb* v. *Standard Oil Co.* (1899), 153 Ind. 513; *Corning Steel Co.* v. *Pohlplatz* (1902), 29 Ind. App. 250. That portion of the statute specifying a remedy where one existed under the common law before the statute was enacted, is not exclusive, for the reason that a remedy already existed, and the act, to that extent, was not creative or in derogation of existing law.

A suit for the specific performance of a contract is an equitable proceeding, and ordinarily means the performance of a contract according to the precise terms agreed upon, or substantially in accordance therewith. *Rison* v. *Newberry* (1894), 90 Va. 513, 18 S. E. 916; *Dow* v. *Northern Railroad* (1886), 67 N. H. 1, 36 Atl. 510.

But the language of the contract before us goes further than the mere statement of remedies by an action for damages, or specific performance. Following the provision for specific performance, we find the language, "and the performance of any other act hereby required of the defaulting parties." The contract is divisible, and the obligation to pay is an independent covenant. When the time for payment arrived, and default was made, we do not feel warranted in saying that the provisions of the contract, independent of any implied exclusion, denied to appellants the remedy pursued.

A contract that excludes some remedy given by law should be so definite and positive in its terms as to show the clear intention of the parties so to do.

The leading purpose in construing any contract is to ascertain the meaning and intention of the parties from the language employed. The words used are to be understood in their plain, ordinary and popular sense, unless there is something in the contract to indicate a different meaning. *Beard* v. *Loftin* (1885), 102 Ind. 408; *Evansville, etc., R. Co.* v. *Meeds* (1858), 11 Ind. 273. In construing a contract, effect must be given to all its provisions and parts where possible, and no part will be rejected unless absolutely repugnant to the general intent. 1 Beach, Contracts §711; 17 Am. and Eng. Ency. Law (2d ed.) 7, and cases cited; *Mittel* v. *Karl* (1890), 133 Ill. 65, 24 N. E. 553; *Indiana, etc., Oil Co.* v. *Grainger* (1904), 33 Ind. App. 559.

The instrument should be made consistent, by giving to all its parts their due weight. *Cravens* v. *Eagle Cotton Mills Co.* (1889), 120 Ind. 6, 16 Am. St. 298; *Boardman* v. *Reed* (1832), 6 Pet. *328, *345, 8 L. Ed. 415.

The law applicable to a contract is to be considered in construing it. *Pennsylvania Co.* v. *Clark* (1889), 2 Ind. App. 146.

Giving effect to the provisions for enforcing any act upon which default had occurred, as well as the other parts of the agreement, and considering the law applicable to a divisible contract, we do not think the provisions of the contract are sufficiently definite to authorize us to exclude any remedy given by law to the parties to the agreement. Appellee obligated himself to pay appellants a sum of money upon a given date. This date was earlier than the date fixed for the delivery of the deed. When payment was refused and this suit filed, the act required of appellee was the payment of the money, according to the terms of the contract. To compel the per-

formance of this act, this suit was begun; and while, according to the technical meaning of the term, the suit is not for specific performance of the contract as a whole, it does, however, follow the contract, and seeks to enforce that provision upon which default had occurred when the suit was begun.

Considering all the provisions of the contract, and especially those fixing the time for paying the $9,000, and delivering the deed, and the clause relating to the remedies to be pursued in case of default by either party, we think it reasonable to hold that the suit, as brought, was not denied appellants by the provisions of the contract. Appellee cannot be relieved from his obligation to pay in money by his own refusal to pay in property, by delivering to appellants the stock of goods mentioned in the contract. This leaves the two paragraphs of complaint under consideration upon the same footing. We therefore conclude that each paragraph was sufficient to withstand the demurrer.

The judgment is reversed, with instructions to the lower court to overrule the demurrer to the amended first and the third paragraphs of complaint, and for further proceedings in accordance with this opinion.