Theodore W. GRAVES and Dorothy Graves, Appellants,

v.

ESTATE OF Willard GREBE, Deceased, Respondent.

No. WD 31339.

Missouri Court of Appeals, Western District.

Feb. 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1981.

Henry C. Copeland, Copeland & Somerville, Rock Port, and Gene Eaton, Eaton, Eaton & Longinaker, Sidney, for appellants.

Walter L. Mulvania, Rock Port, Howard B. Wenger, Hamburg, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Theodore Graves and Dorothy Graves filed a claim against the estate of Willard Grebe for delinquent rentals and insurance premium refund, and for the unmatured installments on a contract by which Grebe had agreed to purchase real estate located in Iowa. The court sustained a motion to dismiss the claim and the Graves appeal.

The Graves contend the court erred in failing to allow their claim in the amount of $2,510.66 which the estate admitted was due for delinquent rent and insurance premium refund, and further contends the court erred in failing to allow a claim for the unmatured installments on the real estate contract. Reversed and remanded.

On April 4, 1977, Grebe and John Ferola[1] entered into an agreement denominated "Contract of Sale and Security Agreement" by which they agreed to purchase certain real estate in the State of Iowa from the Graves. The agreement stated that the buyers would pay all delinquent rent which they owed on the real estate, which was the subject of sale, within six months after the date of the contract. The sale price was $40,000 and was to be paid in monthly installments of $400. When $20,000 of the principal had been paid the Graves were to execute a deed and Grebe and Ferola would give a mortgage for the balance due. Grebe died on April 18, 1979. The parties agreed at the hearing on the claim that the sum of $20,000 had not been paid on the contract, but the exact amount which had been paid was not given.

The only evidence introduced at the hearing was a copy of the agreement and the stipulation between the parties that the sum of $2,510.66 was due on the delinquent rentals and for the insurance premium refund.[2]

From the argument of counsel at the hearing, it appears the claim for delinquent rental and insurance refund was filed under the general claim statutes, § 473.360 et seq., RSMo 1978,[3] and the unmatured installments for the real estate sale were sought under § 473.383.[4] The court entered an order sustaining a motion to dismiss without specifying on what grounds it acted.

The parties agree this case is to be decided under the law of Iowa. The question presented to the probate division and briefed on this appeal is whether or not the provisions of the contract provided the exclusive remedies which the Graves as sellers could pursue. The contract did not provide for an action in the nature of specific performance to recover the balance due on the contract. The contract contained the following provisions relative to the facts as they existed at the time the claim was filed:

26. *ENFORCEMENT—REMEDIES:*

In event of Buyers' default hereunder, Sellers may, at their option, proceed with enforcement as follows:

a) Until 50% of the purchase price has been paid they may declare this contract forfeited and proceed to effect a forfeiture as to real estate, fixtures and personal property, or as to real estate and fixtures only, for delinquencies and damages attributable to such defaults in the manner provided in Chapter 656, Code of Iowa, 1975, retaining sums paid hereunder, fixtures

---

1. The record is completely silent as to Ferola and he is not a party to this proceeding.

2. The basis of the obligation to pay the insurance premium refund does not appear.

3. All statutory references are to RSMo 1978 unless otherwise noted.

4. No question is presented on whether or not this is the appropriate claim section to apply in this case.

installed, and improvements made as liquidated damages for such failure of performance and as compensation for the use and occupancy of the collateral.

.    .    .    .    .

e) The acceptance by Sellers of any payments after due date, or acceptance of sums less than herein specified, or the failure of Sellers to enforce any other provision of this contract, Buyers being in default with respect thereto, shall not be deemed a waiver of default and estop them from enforcement of any of their rights or remedies with respect to that default or a subsequent default of the same or similar nature.

f) An action brought to enforce any obligation owing on the contract, Buyers being in default with respect thereto, shall not estop Sellers from exercising other rights or remedies herein provided.

On the question of whether or not the remedies contained in a contract are exclusive the Supreme Court of Iowa in *Maytag Company v. Alward*, 253 Iowa 455, 112 N.W.2d 654, 657 (1962) quoted from *Strauss v. Yeager*, 48 Ind.App. 448, 93 N.E. 877, 882 (1911):

"Doubtless a contract could, by specific provisions, limit the remedies to be pursued in a case of default, . . ."

*Strauss* also says:

"A contract which excludes some remedy given by law should be so definite and positive in its terms as to show the clear intention of the parties so to do."

This follows the rule frequently quoted from *Kathman v. Wakeling*, 69 Wash.2d 195, 417 P.2d 840, 843[2, 3] (1966):

"that a remedy specified in a contract is to be considered permissive rather than exclusive, unless so provided in the contract either expressly or by necessary implication."

See also Annotation Contractual Remedy—Exclusiveness, 84 A.L.R.2d 322.

Applying the above rules, this court concludes that § 26 does not exclude a remedy in the nature of specific performance on the part of the seller against the buyer's estate in terms so definite and positive as to show a clear intention on the part of the parties that any remedy not mentioned in the contract would be excluded.

Paragraph "f" contemplates that actions not mentioned in the contract may be brought to enforce any obligation owing on the contract. This in itself is sufficient to demonstrate that the contract does not provide the exclusive remedies to the seller in case of the buyer's default. This court concludes that § 26 does not provide the exclusive remedies to the sellers so as to preclude the seller from seeking to collect the balance due on the contract against the estate of Grebe.

It follows that if the contract does not provide the exclusive remedies available to the seller then the court erred in sustaining the motion to dismiss the claim. The judgment is reversed and this cause is remanded for further proceedings.

All concur.