7792

CHILDS v. CITY OF COLUMBIA.

ESTOPPEL.—That a nonresident made a contract with a city to obtain water by connecting with its pipes, and did so connect at considerable cost and built houses on the faith of so obtaining a supply of water, does not estop the city from terminating the contract on reasonable notice, there being no time for its duration stipulated. That the permission to so connect was granted by the city on condition that the nonresident comply with the ordinance, which he did not do, weakens his right to estoppel.

Before SHIPP, J., Richland, October, 1910.    Affirmed.

Action by M. E. Childs, Daisy W. Huggins, Lyda R. Swygert and Minna E. Childs against City of Columbia.

From order refusing temporary injunction, plaintiffs appeal.

*Mr. D. W. Robinson, for appellant,* cites: *On question of estoppel:* 13 S. C. 370; Big. on Estop. 480; 64 S. C. 343; 34 L. R. A. 527; 9 Cal. 454.

*Mr. Christie Benet,* contra.

February 28, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The allegations of the complaint in this case, with respect to the plaintiff's contracts with the city of Columbia and their threatened violation, are identical with those of the complaint in the case of W. G. Childs v. the City of Columbia. The two cases proceeded in the same manner, and the decision just filed in the action of W. G. Childs is conclusive of all questions made by the appeal in this case, except the issue of equitable estoppel arising under these additional allegations: "That in pursuance of said agreement, and to enable the said agreement to be carried out, the said defendant city installed a water main, connected with one of the water mains of said city on Plain street, and running therefrom a distance of one and one-half blocks to the premises of the plaintiff, Mary E. Childs; and connected with said main, and running from it, smaller pipes to the residences of the plaintiffs, Daisy W. Huggins, Lyda R. Swygert and Minna E. Childs. But all the costs and expenses of furnishing, running and installing said water mains and pipes were furnished by the respective plaintiffs, to wit: The said Mary E. Childs paid to said city about $463.00; the plaintiff Minna E. Childs paid therefor approximately $43.85; and the plaintiff Daisy W. Huggins paid therefor approximately $100.00, and Lyda R. Swygert about $65.00. Further, that the plaintiff Daisy W. Huggins, before erecting her dwelling in the year

1909, at a cost of approximately forty-four hundred dollars, applied to the officers and agents of the defendant and was assured by them that she could obtain water from the supply of said city, and relying upon this representation she built her dwelling house at the cost just mentioned."

These allegations if proved would not operate as an estoppel against the city. In the case of W. G. Childs v. the City of Columbia the rule was laid down that where a contract is made in which no definite period of duration is fixed and none can be implied from the nature of the contract or the circumstances of the parties, the Court will construe the contract to import the intention that either party may terminate it on giving the other reasonable notice. No definite period of duration was alleged as expressed or implied in the contract here relied on, and therefore the plaintiffs must be held to have known that the meaning of their contracts was that the city should have a right to discontinue their water supply or raise their water rates at any time it saw fit, after reasonable notice. This being so, it is quite clear that the plaintiffs could not by their voluntary action in laying pipes and building houses deprive the city of its rights under the contract. Having assumed the risks of the time for which the city would continue to furnish water, they have no cause to complain that the city has chosen to exercise its rights. *Jones* v. *Newport News & M. V. Co.,* 65 Fed. 736; *Barney* v. *Ind. R. Co.,* 61 N. E. 194; *Kenderdine H. C. F. Co.* v. *Plumb,* 182 Pa. 463, 38 Atl. 480; *Stronega C. & C. C. Co.* v. *Louisville & N. R. R. Co.* (Va.), 9 L. R. A. (N. S.) 1184.

When the return of the city of Columbia, which is not traversed, is considered, the absence of any cause of action in favor of the plaintiffs is still more apparent. The return shows these facts: On June 7, 1909, the plaintiff Mrs. M. E. Childs and John H. Bollin by their agent presented a petition to the city council asking "privileges of connection with the city water mains and use of your city water at their

respective residences and in their properties in said suburb of Waverley." The report of the waterworks committee on the petition, which was adopted by the city council, was in these words: "Recommended that the petition be granted, provided a six-inch main is put in and ordinances complied with." When the petition was filed and when it was acted upon by city council, an ordinance of the council was in force authorizing the waterworks commission to supply water outside of the corporate limits to persons "who shall enter into a contract with the city therefor," etc. The ordinance provided that the contracts so entered into should contain certain stipulations, one of these being "that the city of Columbia shall not be liable for failure to furnish such water, from what cause soever such failure shall result, and reserves the right at any time upon thirty days' notice to cease furnishing such water and to determine such contracts."

The plaintiffs were allowed to make the connection and to use the water without entering into any formal contracts. It will not do, however, for them to say that, because they did not sign a contract as contemplated by the ordinance, they are not bound by the terms which the city council provided as conditions for the use of the water by persons living outside the corporate limits. The permission to the plaintiff Mrs. Childs to connect with the city main and use the city water was expressly coupled with the condition that the ordinance should be complied with, and the ordinance imposed the condition that she should agree to the reservation by the city of the right to terminate the contract and to cease furnishing water on thirty days' notice. Having made the connection and used the water, they, Mrs. Childs and the other plaintiffs, who, as we understand, claim through her, must be held to have agreed to the condition on which the connection and use of the water was allowed. The whole case therefore shows no right of the plaintiffs except the right to have thirty days' notice that the city

would cease to supply water unless the plaintiffs would agree to the higher rate exacted; and the order of Circuit Judge provides that the plaintiffs shall have this notice before being deprived of the use of the city water.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.