## MURPHEY *v.* INTER-OCEAN CASUALTY COMPANY.

[No. 14,347.   Filed September 21, 1933.   Rehearing denied
November 29, 1933.   Transfer denied May 23, 1934.]

*William Robison* and *Thomas M. Ryan,* for appellant.
*Harker & Irwin,* for appellee.

BRIDWELL, J.—Appellant, the beneficiary named in a policy of insurance issued by the appellee to one Albert W. Murphey, brought this action to recover from appellee the sum of $1,250 claimed to be due her under the terms of the policy, because of the death of said Albert W. Murphey from injuries alleged to have been received by him in a manner insured against by such contract of insurance. In the court below a demurrer was sustained to the first, and to the second amended second paragraphs of complaint. The appellant refused to plead further and judgment was rendered in favor of appellee that appellant take nothing by her complaint and that appellee recover its costs. This appeal was then perfected, the appellant assigning as error, upon which she relies for reversal, the action of the court in sustaining such demurrers.

Appellant, in her brief, says: "As we view the case there is no material distinction between the allegations of the original or first paragraph of complaint, and the second amended second paragraph of complaint, the question presented being one arising on the construction of the insurance policy in question." We agree with this statement, and deem it unnecessary to set out in detail all the facts alleged in both, or either of said

paragraphs. Sufficient facts are alleged in each paragraph to state a cause of action if the insuring clause of the contract relied upon by appellant insured against loss of the life of said Albert W. Murphey by accidental bodily injuries sustained in the manner and at the place where he received the injuries resulting in his death.

Among other facts each paragraph of the complaint avers in substance that on October 17th, 1925, the insured (Albert W. Murphey) was employed by the Pennsylvania Railroad Company as its station agent and telegraph operator at the town of Bringhurst, Indiana; that his residence was located a few blocks south of the railroad station where he worked, and on a lot adjacent to the right-of-way of said company; that the insured in going to and from his work, with the knowledge and consent of said company, travelled along and upon the right-of-way and road-bed of said railroad company and that the public generally used said right-of-way and road-bed as a public highway, and it was generally used by pedestrians as a way of travel between their homes and the business section of said town; that on said October 17th, 1925, the insured entered upon said right-of-way for the purpose of going to said railroad station, and while walking thereon was struck by a railroad locomotive propelled by steam, and killed. It is also alleged that by the terms of the policy appellee agreed to pay to appellant, as beneficiary, the sum of $1,250 in case of loss of the life of said Albert W. Murphey in the following manner stipulated in said policy, to wit: "By being struck or knocked down, or run over while walking or standing on a public highway by a vehicle propelled by steam, cable, electricity, naptha, gasoline, horse, compressed air or liquid power (excluding injuries sustained while working on a public

highway or a railroad right-of-way, or while on a railroad right-of-way in violation of law)."

Was the insured, when he received his fatal injuries, on a "public highway" within the meaning of these words as used in the contract of insurance?

In construing any contract the words used therein are to be understood in their plain, ordinary, and popular sense, unless there is something in the contract to indicate a different meaning. *Straus* v. *Yeager* (1911), 48 Ind. App. 448, 93 N. E. 877; *Warrum* v. *White* (1909), 171 Ind. 574, 86 N. E. 959.

It may be properly said, as stated by appellant, that the term "highway" is a generic term, embracing all kinds of public ways, such as county and township roads, streets, alleys, turnpike or gravel roads, tramways, ferries, canals, navigable rivers, and railroads (See *Strange* v. *Board, etc.* [1910], 173 Ind. 640, 91 N. E. 242), but the term "public highway" is much more restricted in meaning, and usually, ordinarily, and generally it is understood to mean a way, open to the use of all persons, who may desire to travel thereover, each person desiring to use the way, having an equal right with any and all others, to so do. A public highway is one in which there is no interest but the public interest to be subserved, and one in which there is an entire absence of any private interest or proprietary right. *Board, etc.*, v. *Castetter* (1893), 7 Ind. App. 309, 33 N. E. 808. A railroad right-of-way is not a highway open to the general public for use without restriction; the ownership of such ways is by private interests, and it is provided by statute (Sec. 13237, Burns 1926) that "the use by the public of the right of way . . . of any railroad in this state by riding, driving or walking thereon, shall not ripen into a right to continue to do so even though it has been so used for a period of twenty years or more." In view of this

statute a railroad right of way can not become a public highway by reason of the continuous use thereof, by the general public as a way of travel.

Under the insuring clause of the policy involved here, appellee becomes liable if, and only if, the insured be "struck or knocked down or run over while walking or standing on a public highway." The language employed in stating the coverage is plain and not ambiguous. It limits the right of recovery, and also excludes from this limited coverage, injuries sustained while working on a public highway or a railroad right-of-way, or while on a railroad right-of-way in violation of law. Generally speaking an exclusion clause can not be used to create liability where none would otherwise exist. While we recognize and adhere to the rule that insurance contracts which are reasonably subject to conflicting interpretations, are strictly construed against the insurer, yet, the construction should be a fair and reasonable one, and such as will be in accord with the language used in the contract itself. It does not seem reasonable that the parties to the contract intended or understood that by the exclusion of injuries sustained under certain conditions, liability should be incurred if the insured was injured or killed while at a place where the insuring clause did not cover him.

Appellant, however, contends that if the term "railroad right-of-way" is not included within the term "public highway" then the exclusion clause is meaningless, but we do not agree with this contention. It is a matter of common knowledge that public highways and railroad rights-of-way intersect, and one might be injured by being struck, knocked down, or run over on a public highway, when, at the same time, he was also on a railroad right-of-way. The insured might have been injured while he was working

on a public highway in the repair or improvement thereof; he might have been injured while on a public highway when he was also, at the time, working on a railroad right-of-way at a point where it intersected and formed a part of such public highway; he might have been injured while on a public highway at a time when he was also on a railroad right-of-way in violation of law, for example, if he attempted to use a public highway in crossing a railroad right-of-way in violation of an ordinance or statute prohibiting entry upon or crossing of such right-of-way under conditions therein prescribed. The appellee had the legal right to safeguard itself from liability, and the clause of the policy, used in connection with the particular insuring provision here considered, precludes recovery if the insured be injured or killed, in the manner described, even when on a public highway, if the injury or death be incurred while working on a public highway or a railroad right-of-way, or while on a railroad right-of-way in violation of law.

In support of her contention that the insurance contract upon which this action is based should be so construed as to hold that the term "public highway" includes a railroad right-of-way appellant cites the cases of *Dillon* v. *Life & Casualty Co.* (1931), 15 La. App. 497, 131 So. 684; *Allen* v. *Life & Casualty Ins. Co.* (1931), 226 Mo. App. 84, 41 S. W. (2nd Ed.) 952; and *Rudd* v. *Great Eastern, etc., Co.* (1911), 114 Minn. 512, 131 N. E. 633. In each of these cases it was concluded that the insuring clause was ambiguous, and in no one of them was the clause the same as in the instant case, although similar in some respects. In the case of *Jones* v. *Continental Life Ins. Co.* (1927), 37 Ga. App. 289, 139 S. E. 911, a contrary view was taken.

We are of the opinion that the contract as written admits of but one reasonable interpretation, and hold

that the court below did not err in sustaining the demurrer to each of the separate paragraphs of complaint. Judgment affirmed.