## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 12 2016, 8:21 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Dale W. Arnett
Winchester, Indiana

ATTORNEY FOR APPELLEE

Meeks Cockerill
Winchester, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Larry D. Rittenhouse and
Linda C. Rittenhouse,

*Appellants-Defendants,*

v.

City of Winchester,

*Appellee-Plaintiff*

February 12, 2016

Court of Appeals Case No.
68A01-1507-MI-1014

Appeal from the Randolph
Superior Court

The Honorable Peter D. Haviza

Trial Court Cause No.
68D01-1011-MI-649

**Vaidik, Chief Judge.**

# Case Summary

[1] The Rittenhouses, who own real property that was platted by Silas Colgrove in 1870, filed first a complaint and then a motion for summary judgment against the City of Winchester, claiming ownership of a portion of Meridian Street. Finding no merit to the Rittenhouses' contention that a prior railroad right-of-way precluded Colgrove from platting an easement for Meridian Street, and that a class-action declaratory judgment cited as support by the Rittenhouses does not pertain to the property at issue in this matter, we find the Rittenhouses have failed to demonstrate a genuine issue of material fact. We further conclude that although the Rittenhouses may have a fee interest in a portion of what is now Meridian Street, subsequent to the railroad right-of-way the Colgrove Plat gave to Winchester an easement for public-street purposes— Meridian Street—the dimensions of which can be determined by looking at Mumma's Addition in conjunction with Colgrove's Addition. Thus the City of Winchester has an easement on the disputed property.

[2] We affirm.

# Facts and Procedural History

[3] This case was initiated in November 2010, when Larry Rittenhouse filed a complaint against the City of Winchester requesting a judgment declaring that the Rittenhouses are the rightful owners of certain real estate, orders to quiet title and prohibit condemnation of the real estate for a period of two years, and

damages. *See* Appellants' App. p. 155. Specifically the real estate of which the Rittenhouses are claiming ownership is presently a platted, paved city street called Meridian Street in Winchester, Indiana.

[4] The real estate in question has a long and complicated history. In January 1856, Andrew Aker received a deed for certain real property, which included what is now Lots 6,13,14, and 15 of Colgrove Addition and 100 feet to the east of the lots. A document signed by Aker, dated July 11, 1856, gave the Cincinnati and Fort Wayne Railroad a right-of-way across 100 feet east of the lots; the right-of-way was for fifty feet on either side of the railroad track. Aker had the privilege of using and cultivating any part of the one-hundred feet not needed by the railroad "for the construction, repair, or use of the [rail]road." *Id*. at 158.

[5] Later in November 1868, Aker and his wife, Hannah, conveyed to Silas Colgrove by warranty deed what is now Lots 6,13,14, and 15 and up to the centerline of the railroad subject to the conveyance of the right-of-way granted by Aker to the railroad. In May 1870 Colgrove platted the Colgrove Addition, including Lots 6, 13, 14, and 15. The plat of Colgrove Addition platted subdivision streets as follows: "All the lines of the Streets, Alleys, & Lots have the same bearings of the lines of Streets, Alleys & Lots in said Mumma's Addition." *Id*. at 33, 124. The contemporaneous Colgrove Addition plat map, *see id*. at 17, together with the contemporary map of John Mumma's Addition, *see id*. at 17, shows Meridian Street immediately to the east of Lots 6,13,14, and 15. While no railroad easement is shown on the contemporaneous subdivision

plat, the original deed granted the railroad right-of-way immediately to the east of the lots in Colgrove Addition and is shown on an earlier plat, *see id.* at 16. Therefore, Meridian Street was platted on the railroad's right-of-way.



[6] Sometime in the mid-1980s the railroad abandoned its easement and, shortly thereafter, the City of Winchester paved the western-most portion of the easement. For over forty years the paved portion of North Meridian Street adjacent to Lots 6, 13, 14, and 15 in the Colgrove Addition has been in its present location and used by the public as a right-of-way. *See id*. at 80-81, 86-87.

[7] Larry Rittenhouse filed a complaint in November 2010[1], and thereafter the City of Winchester filed a counterclaim. Rittenhouse claimed that he owed fee simple ownership of the abandoned railroad easement east of Lots 6, 13, 14, and 15. Both parties then filed motions for partial summary judgments, and responses to the same. In June 2015, the trial court issued a summary declaratory judgment, finding that the Meridian Street easement existed at the same time as the railroad right-of-way, that the Meridian Street easement was subservient to the railroad right-of-way, and that the Rittenhouses have the fee interest in the property subject to the still-existing Meridian Street easement. The Rittenhouses now appeal.

# Discussion and Decision

[8] On appeal the Rittenhouses appeal the trial court's grant of summary judgment in favor of the City of Winchester, contending first that the railroad's right-of-

---

[1] Linda Rittenhouse was added as a necessary third party in December 2012.

way was granted before Colgrove took possession; consequently, Colgrove had no legal authority to plat an easement for a street on railroad property. Second the Rittenhouses argue that the *Firestone v. American Premier Underwriters, Inc. (formerly known as the Penn Central Corp.)*, Cause No. 06C01-9912-CP-379, from the Boone Circuit Court gives them ownership of the disputed property.

[9] When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Wise v. Hays*, 943 N.E.2d 835, 839-40 (Ind. Ct. App. 2011). All facts established by the designated evidence and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Wise*, 943 N.E.2d at 840.

[10] The Rittenhouses argue first that Colgrove could not plat Meridian Street on railroad property because the railroad's right-of-way was granted before Colgrove took possession. In support of this argument, the Rittenhouses cite Indiana Code section 8-3-15-1, which provides as follows:

> The use by the public (of the) right of way or depot grounds of any railroad in this state by riding, driving or walking thereon, shall not ripen into a right to continue to do so even though it has been so used for a period of twenty (20) years or more; nor shall such use be evidence of a grant to do so except where such use is made across such ground to connect a street or highway on each side thereof, and except where a court of competent jurisdiction has adjudged the existence of a street or highway.

The Rittenhouses also cite to *Murphey v. Inter-Ocean Cas. Co.*, 98 Ind.App. 668, 186 N.E. 902, 903 (1933), in which this Court relied on the above-cited statute in order to find: "In view of this statute, a railroad right of way cannot become a public highway by reason of the continuous use thereof by the general public as a way of travel." We find both of these authorities inapposite, however, because Meridian Street did not come about merely through public use of the railroad right-of-way. Instead, Meridian Street was a subsequent easement, given by Colgrove to the town (now city) of Winchester when he platted the Colgrove Addition.

[11] The evidence shows that in 1856, Aker gave the railroad a right-of-way of fifty feet on either side of the tracks across a portion of the disputed property, but he retained the right to use and cultivate any part of the one-hundred feet that the railroad did not need. *See* Appellants' App. p. 158. Then, in 1870, Colgrove, to whom Aker had conveyed the property, platted and recorded the Colgrove Addition, including Lots 6, 13, 14, and 15. The contemporaneous map of Colgrove's Addition, *see id.* at 17, clearly shows Meridian Street located immediately east of Lots 6, 13, 14, and 15 in line with Meridian Street in Mumma's Addition. The bare-bones, hand-drawn map attached to the 1870 description of Colgrove's Addition to the town of Winchester, *see id.* at 161, shows Meridian Street and the railroad easements co-existing in the same location.

[12] Thus, we conclude that there were, historically, two easements on this property: Meridian Street was an easement subsequent to the railroad right-of-way,

covering 82 feet of that right-of-way.  The street was platted to run across the same property as the railroad right-of-way but, as a subsequent easement, could not and did not interfere with the first easement—the railroad right-of-way. This is supported by what ultimately occurred, as described by Rittenhouse himself: as soon as the railroad abandoned its easement in the mid-1980s and the tracks were removed, the City of Winchester paved over the western-most portion of the now-vacant and abandoned railroad right-of-way, which it was entitled to do by virtue of its long-standing easement.  *See id*. at 154-55.  In sum, while it may be true that the Rittenhouses maintain a fee interest in some portion of the property immediately adjacent to their lots, it is also the case that Winchester has had an interest in a public-street easement since 1870, when Colgrove platted his addition to the town (now city) of Winchester, and platted Meridian Street.

[13]  As a final matter, the Rittenhouses contend that the *Firestone* case resolves this dispute.  The entirety of their argument to this effect is as follows:

> The "Firestone" case specifically states it is a class action that includes "all owners of land in the State of Indiana next to or over which Penn Central Corporation has had a right-of-way for railroad purpose . . . ."  [internal citation omitted].  [*Firestone*] does not state that an adjacent landowner has to point to out [sic] any specific section to claim their rights to the railroad property.

Appellants' Br. p. 8.  First, it is far from clear that the "Settlement Corridors" at issue in *Firestone*—described as "approximately 733 miles of former Penn Central railroad corridor in the State of Indiana[,]" Appellants' App. p. 49—are

even the same railroad corridors that are adjacent to the Rittenhouses' property. Further, confusingly, the Rittenhouses *are* listed as members of the Class in Exhibit A[2], but the Tax Map does not list the lots in question here, listing instead "40 Lot No NE 29-20-14.20 A." *Id.* at 57. Finally, Paragraph 8 of *Firestone* specifically states that it is not within the scope of that decision to resolve title disputes between individual persons which may occur as a result of conveyances of portions of the Settlement Corridors, and such disputes must be resolved by the individual parties concerned. *See id.* at 52. Thus, the Rittenhouses have failed to demonstrate that the *Firestone* decision is somehow relevant to or governs this dispute.

For the reasons set forth above, we find the Rittenhouses have failed to raise a genuine issue of material fact. *Wise*, 943 N.E.2d at 839-40. Because the evidence shows that the City of Winchester has had an easement for Meridian Street in this location since Colgrove platted his addition in 1870, any fee interest the Rittenhouses may have in this property is immaterial.

Affirmed.

---

[2] From the *Firestone* decision:

> Exhibit A identifies the adjoining landowners as recorded in the Randolph County property tax records, who are members of the Class, as well as, where available, the tax record address for each of the adjoining landowner properties, the tax parcel and map numbers of the properties, and the nature of title held by APU to that portion of the Randolph County Corridors adjacent to each such property.

Appellants' App. p. 50.

Bailey, J., and Crone, J., concur.